UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DATA MOUNTAIN SOLUTIONS, INC,          )
et al.,                                )
                                       )
                    Plaintiffs,        )
                                       )
            v.                         )        Civil Action No. 06-1666 (PLF)
                                       )
GREGG GIORDANO, et al.,                )
                                       )
                    Defendants.        )
_____)

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on plaintiffs' motion for a temporary restraining order. On September 28, 2006, plaintiffs filed a fourteen count complaint, a motion for a temporary restraining order, and a motion for a preliminary injunction. Plaintiffs allege, *inter alia*, that defendants have engaged in manipulation and misrepresentation that has allowed defendant Gregg Giordano wrongfully to assert majority control of the stock of plaintiff Data Mountain Solutions, Inc. ("DMS"). Plaintiffs, two other DMS shareholders, argue in their consolidated memorandum in support of their application for a temporary restraining order and motion for a preliminary injunction that they are threatened with immediate and irreparable harm because defendants are: withholding the funds necessary for DMS to continue operation, attempting to convert their minority stock ownership into a majority interest in violation of the corporation's by-laws and the shareholders' agreement, and attempting to convert the business and corporate assets for their own use. The plaintiffs assert that the defendants are attempting to accomplish these aims by diverting funds properly paid to DMS under its subcontract with a government contractor and by altering or threatening to alter the corporate records of DMS to reflect improper or fraudulent stock transfers.

In deciding whether to grant emergency injunctive relief, the Court must consider (1) whether there is a substantial likelihood that plaintiffs will succeed on the merits of their claim, (2) whether plaintiffs will suffer irreparable injury in the absence of an injunction, (3) the harm to defendants or other interested parties, and (4) whether an injunction would be in the public interest or at least not be adverse to the public interest.  See Serono Laboratories, Inc. v. Shalala, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998); Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Washington Metro Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Milk Industry Foundation v. Glickman, 949 F.Supp. 882, 888 (D.D.C. 1996).

On September 29, 2006, the Court held a telephone conference call with counsel for the plaintiffs, counsel for defendant Gregg Giordano, and defendant John Thomas.  Plaintiffs' counsel attempted to contact defendant Anthony Watson by e-mail and by telephone; the Court also left a message for Mr. Watson by telephone and attempted to reach him for the telephone conference call, but was not successful.   The Court first addressed the issue of DMS' corporate records.  Defendant Thomas represented, and the parties agreed, that Mr. Thomas holds most, if not all, of DMS' corporate records, including records of stock ownership and minutes of corporate meetings.  Mr. Thomas further represented that he had not made any alterations to those corporate records in the past two weeks, and that he did not intend to make any alterations to them in the near future.

In light of Mr. Thomas' representations, plaintiffs' counsel thereafter identified and argued to the Court that plaintiffs may suffer two irreparable injuries in the absence of a temporary restraining order:  1)  the transfer of DMS assets, including source codes, by defendants (specifically by Mr. Giordano), and 2) the inability of DMS to make necessary

2

corporate payments on its obligations due to lack of funds, and the potential that DMS therefore will not be able to continue its operations.  Counsel for defendant Mr. Giordano represented to the Court that, according to his client, as of the morning of September 29, 2006, the DMS corporate account held approximately $120,000.  He further represented that his client did not intend to and would not transfer any corporate assets (including source codes) and, to the extent that his client was able, he would make or facilitate making any standard and necessary corporate payments enabling DMS to remain in operation.  Plaintiffs' counsel likewise represented to the Court that his clients would refrain from transferring any assets, and, to the extent that they are able, they would make or facilitate making any standard and necessary corporate payments enabling DMS to remain in operation.  Plaintiffs' counsel also stated that the $120,000 that Mr. Giordano's counsel represented as currently being held in the DMS corporate account would be sufficient for the company to meet its obligations in the near future.  Mr. Thomas also represented to the Court that he would not transfer or facilitate the transfer of any DMS assets, and, to the extent he was able, he would facilitate the parties in making any standard and necessary corporate payments enabling DMS to remain in operation. The persons present for the telephone conference agreed that Mr. Watson, who was not present, does not control any DMS assets (other than as a possible shareholder) nor does he participate in the payment of corporate accounts.

Upon consideration of plaintiffs' application for a temporary restraining order, the representations of the parties (except for defendant Anthony Watson) to the Court, and the entire record in this case, it is hereby

ORDERED that, as previously stated on the record, plaintiffs' application for a

temporary restraining order [3] is DENIED in light of the parties' representations to the Court

and the Court's finding that the plaintiffs will not suffer irreparable injury in the absence of a

temporary restraining order;  it is

   FURTHER ORDERED that the parties shall, within fourteen days of the date of

this Order meet to discuss the possibility of resolving this matter, or narrowing the issues before

the Court.  If, after this initial conference, the parties believe that they would benefit in settlement

discussions from the assistance of a magistrate judge or a neutral mediator from the Court's

Alternative Dispute Resolution Program, they shall file a joint request with the Court;  it is

   FURTHER ORDERED that the defendants shall file any oppositions to plaintiffs'

motion for preliminary injunction on or before October 13, 2006, and plaintiffs shall file any

reply on or before October 25, 2006.  The Court shall schedule, if necessary, a hearing on the

motion for preliminary injunction for a date soon thereafter;  and it is

   FURTHER ORDERED that counsel are reminded to comply with Local Civil

Rule 7(m), which requires counsel to confer on all nondispositive motions prior to filing them

with the Court.  See LCvR 7.  The party filing the motion shall include in its motion a statement

that the required discussion occurred and a statement as to whether the motion is opposed.


   SO ORDERED.


          _____/s/_____
          JOHN D. BATES
          United States District Judge

DATE:  September 29, 2006

          (for PAUL L. FRIEDMAN)