## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
DATA MOUNTAIN SOLUTIONS, INC., et al.,    )
                                                      )
            Plaintiffs,                               )
                                                      )
v.                                                    ) CA 06-1666 (PLF)
                                                      )
GREGG GIORDANO, et al.,                          )
                                                      )
            Defendants.                               )
_____

### DEFENDANT GREGG GIORDANO'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION

Defendant Gregg Giordano, by counsel, pursuant to F.R.Civ. P. 12(b) and 9 U.S.C. §4, files this Motion to Dismiss, or, in the Alternative, to Stay Proceedings and to Compel Arbitration.

Plaintiffs McUmber and Hill must decide whether they wish to continue to allege that this is a shareholders' derivative matter. If so, then this Court does not have subject matter jurisdiction and must dismiss. Moreover, Giordano is not subject to the long-arm jurisdiction of the District of Columbia. Even if McUmber and Hill wish to concede that this matter is not a shareholders' derivative action, then the Court must dismiss or stay these proceedings under the Federal Arbitration Act and compel the plaintiffs to arbitrate.

In sum, this Court does not have subject matter jurisdiction over this case, as presently aligned, nor does it have personal jurisdiction over Giordano. Moreover, the matters in dispute must be arbitrated if one of the parties requests arbitration.

For the foregoing reasons, Defendant prays this Court dismiss this Action for lack of subject matter jurisdiction, or, in the alternative, dismiss Giordano as a defendant for lack of personal jurisdiction over Giordano, or in the alternative, dismiss these proceedings and compel Plaintiffs to refer this matter to arbitration, and for such other relief as to the Court seems proper.

A Memorandum in Support is filed herewith.


Respectfully submitted,


By:  /s/ David Bledsoe
Bar Number 422596
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
Tel.:  703-379-9424
Fax:  703-684-1851

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 23, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing:

Philip J. McNutt, Esquire
Hughes and Bentzen, PLLC
1100 Connecticut Avenue
Suite 340
Washington DC  20036


John W. Thomas , Esquire
Luman, Lange, Thomas & McMullen
1660 L Street NW
Suite 3506
Washington DC  20036

And by first class mail to:

Anthony Watson
303-F Holden Green
Cambridge MA  02138

　　/s/David I. Bledsoe　　　　　　　　
David I. Bledsoe

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                               )
DATA MOUNTAIN SOLUTIONS, INC., et al.,  )
                               )
          Plaintiffs,               )
                               )
v.                               ) CA 06-1666 (PLF)
                               )
GREGG GIORDANO, et al.,         )
                               )
         Defendants.             )
_____

### DEFENDANT GREGG GIORDANO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION

Defendant Gregg Giordano, by counsel, pursuant to F.R.Civ. P. 12(b) and 9 U.S.C. §4, files this Motion to Dismiss, or, in the Alternative, to Stay Proceedings and to Compel Arbitration.

Plaintiffs McUmber and Hill must decide whether they wish to continue to allege that this is a shareholders' derivative matter. If so, then this Court does not have subject matter jurisdiction and must dismiss. Moreover, Giordano is not subject to the long-arm jurisdiction of the District of Columbia. Even if McUmber and Hill wish to concede that this matter is not a shareholders' derivative action, then the Court must dismiss this case in favor of arbitration, or stay proceedings under the Federal Arbitration Act and compel the plaintiffs to arbitrate.

## FACTUAL BACKGROUND

DMS is a tiny company specializing in information technology.  It has only a handful of shareholders, and annual revenues of roughly $300,000.

DMS's principal place of business is at 8619 Westwood Center Drive, Suite 200, Vienna, VA 22182 ('The Virginia Office").  The Virginia Office is where DMS maintains the datacenter that is the central thrust of DMS's activities, and the main source of DMS's income.  DMS employees work at and use the Virginia Office in order to service and maintain DMS's data center.  Giordano Affidavit, ¶7-8.

West Virginia requires DMS as a West Virginia corporation to have a registered office in West Virginia.  DMS's registered office is with an executive suite operation in Charleston, West Virginia.  DMS maintains no physical office at this location, and DMS has no employees who live or work in West Virginia.  No business activity of any sort takes place at the registered office in West Virginia.  DMS does no actual business in the state of West Virginia. Id.

## ARGUMENT

### I. THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS MATTER.

This Court does not have subject matter jurisdiction over this matter, as the putative parties are not diverse.  Plaintiffs McUmber and Hill have brought this matter ostensibly as a shareholders' derivative action.[1]  DMS, which is aligned as an ostensible

---

[1] Giordano does not agree that this matter qualifies under F.R.Civ. P. 23.1 as a derivative action. First, there is no right of the corporation which it has failed to enforce. There has been no effort on the part of plaintiffs Hill and McUmber to obtain the action desired from the directors, nor does the complaint describe any such effort.  Indeed, as noted above, the plaintiffs have steadfastly resisted any attempt to have meeting of the board or a shareholders' meeting in an effort to resolve this dispute.  Moreover, the plaintiffs do not

plaintiff in this matter, is a corporation. Corporations are citizens of both the state of their incorporation and the state of their principal place of business. 28 U.S.C. §1332. DMS is incorporated in West Virginia, but its principal place of business is in Virginia. Giordano Aff., ¶ 7-8. Defendant Giordano is a resident of Virginia, as is defendant John Thomas. Accordingly, the inclusion of DMS as a plaintiff destroys diversity.

Plaintiffs attempt to end-run this fact by confusing DMS's registered office in West Virginia – an office required of all West Virginia corporations by West Virginia statute -- with its principal place of business. See, e.g., Gavin v. Read Corp. 356 F.Supp. 483 (E.D. Pa. 1973). A corporation's principal place of business, according to federal jurisprudence, is found by applying a "nerve center" test. Masterson-Cook v. Criss Bros. Iron Works, Inc. 722 F.Supp. 810 (D.D.C. 1989). DMS's headquarters are in Vienna, Virginia, and the vast majority of its business operations take place in Virginia. Giordano Aff., 7-8. DMS is a citizen of Virginia for purposes of diversity, and thus this court does not have subject matter jurisdiction, and must dismiss this matter under Rule 12(b)(1).

II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER GIORDANO.

Even if the Court did have subject matter jurisdiction, Giordano is not subject to long-arm jurisdiction in the District of Columbia. Giordano Aff, ¶5-6,9-10. Plaintiffs bear the burden of proving personal jurisdiction and cannot rely on conclusory allegations. GTE New Media Services Inc. v. Ameritech Corp., 21 F.Supp.2d 27, 36

---

adequately represent the interests of the shareholders, two of whom are the defendants, in this matter. Indeed, the defendants own almost 60% of DMS stock. Nonetheless, plaintiffs have seen fit to attempt to bring this matter as a derivative action, and as such, DMS must be considered a plaintiff for diversity purposes as long as Hill and McUmber maintain that this action is a shareholders' derivative suit. Accordingly, "plaintiffs" as used in this brief will refer only to Hill and McUmber unless otherwise noted.

(D.D.C. 1998).  Nor can Plaintiffs aggregate factual allegations concerning multiple

defendants in order to demonstrate personal jurisdiction over any individual defendant.

Rush v. Sawchuk, 444 U.S. 320, 331 (1980). The Court need not consider the allegations

of the Complaint as true, but may accept affidavits and other evidence in determining

personal jurisdiction.  United States v. Philip Morris Inc., 116 F.Supp.2d 116, 120 n. 4

(D.D.C. 2000).

     The Complaint is devoid of any factual allegation regarding how they maintain

that Giordano is subject to personal jurisdiction in the District of Columbia.  It is unclear

why this matter was brought in the District of Columbia, other than the fact that that is

the only jurisdiction where Plaintiff's counsel is licensed.  Plaintiffs do not specify how

they contend that Giordano is subject to long-arm jurisdiction other than by a vague

reference to D.C. Code §13-422 and §13-423.

     §13-422 clearly does not apply:

> A District of Columbia court may exercise personal jurisdiction over a
> person domiciled in, organized under the laws of, or maintaining his or its
> principal place of business in, the District of Columbia as to any claim for
> relief.

Giordano is not domiciled nor does he maintain a place of business in the District of

Columbia.

     Nor does §13-423 apply:

>     (a) A District of Columbia court may exercise personal jurisdiction
> over a person, who acts directly or by an agent, as to a claim for relief
> arising from the person's --
>
>     (1) transacting any business in the District of Columbia;
>     (2) contracting to supply services in the District of
> Columbia;
>     (3) causing tortious injury in the District of Columbia by
> an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

(7) marital or parent and child relationship in the District of Columbia if:

(A) the plaintiff resides in the District of Columbia at the time the suit is filed;

(B) such person is personally served with process; and

(C) in the case of a claim arising from a marital relationship:

(i) the District of Columbia was the matrimonial domicile of the parties immediately prior to their separation, or

(ii) the cause of action to pay spousal support arose under the laws of the District of Columbia or under an agreement executed by the parties in the District of Columbia; or

(D) in the case of a claim affecting the parent and child relationship:

(i) the child was conceived in the District of Columbia and such person is the parent or alleged parent of the child;

(ii) the child resides in the District of Columbia as a result of the acts, directives, or approval of such person; or

(iii) such person has resided with the child in the District of Columbia.

(E) Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction.

b) *When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.*

(Emphasis supplied).

This case involves wrongs allegedly suffered by plaintiffs residing in Maryland, Virginia, and West Virginia, due to acts allegedly done by a Virginia resident in Virginia. There is no act of Giordano complained of in the Complaint that is alleged to have taken place in the District of Columbia. This case does not involve any transaction of business by Giordano in the District of Columbia, or the contracting by Giordano to supply services in the District of Columbia. The primary action complained of – the now-rescinded sale of stock from Watson to Giordano – took place in Maryland, not the District of Columbia. All other alleged actions by Mr. Giordano took place in the Commonwealth of Virginia.

Nor has Giordano caused any alleged injury in the District of Columbia, given that the true plaintiffs are both residents of Maryland.[2] . There are no issues involving real property, insurance, or domestic relations situated in the District of Columbia. Thus, as Giordano is not subject to personal jurisdiction in the District of Columbia, this Court does not have power to grant an injunction against Giordano.

In order to find personal jurisdiction, the Court must find that Giordano purposefully availed himself of the privilege of conducting business in the District of Columbia in relation to the matters alleged in the Complaint.

III.    EVEN IF THIS COURT HAD SUBJECT MATTER JURISDICTION, THESE CASE SHOULD BE DISMISSED AND THE PLAINTIFFS COMPELLED TO ARBITRATE.

Finally, even if the Court did have subject matter jurisdiction, and Giordano were subject to long-arm jurisdiction in the District of Columbia, this matter must be dismissed or stayed in favor of arbitration. The Shareholders' Agreement upon which

---

[2] Putative plaintiff DMS as a corporation is a resident of Virginia and West Virginia.

Hill and McUmber's Complaint is based contains an arbitration provision.  The

Shareholders Agreement provides:

>     Any controversy or claim arising out of or relating to this Agreement, or
> the breach thereof, may, at the option of any party thereto, be resolved by
> arbitration by a panel of three (3) arbitrators in accordance with the Rules
> of the American Arbitration Association then prevailing….

Shareholders Agreement, ¶10(a).  <u>See</u> Exhibit 2 to Plaintiff's Memorandum in

Support of Preliminary Injunction.  Giordano has invoked that provision, and pursuant to

the Federal Arbitration Act, 9 U.S.C. 1 <u>et seq</u>., this matter must be dismissed or stayed.

<u>See</u> Ex. B.

>     The Federal Arbitration Act ("FAA") provides that:

> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in
> writing for such arbitration, the court in which such suit is pending, upon
> being satisfied that the issue involved in such suit or proceeding is
> referable to arbitration under such an agreement, shall on application of
> one of the parties stay the trial of the action until such arbitration has been
> had in accordance with the terms of the agreement, providing the applicant
> for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3.

Giordano has invoked his option to have this matter resolved by arbitration.  See

Exhibit B.  Plaintiffs have refused to respond to Giordano's request. [3]

The FAA manifests Congress's intent of a liberal federal policy favoring

arbitration.  <u>Brown v. Wheat First Securities, Inc</u>., 257 F.3d 821 (D.C.Cir.), <u>cert. denied</u>,

534 U.S. 1067(2001).  There is a presumption of arbitrability unless it can be said with

positive assurance that the arbitration clause is not susceptible of an interpretation that

---

[3] Although the Shareholder's Agreement has a provision allowing a court to grant specific performance of
the Shareholder's Agreement, there is nothing left to specifically perform.  Watson and Giordano have
rescinded the purchase of stock.

covers the asserted dispute.  Doubt is always resolved in favor of arbitrability.  <u>AT&T</u> <u>Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643 (1989).

The FAA provides that if the issues before it are subject to arbitration, the court shall "upon application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…" 9 U.S.C. §3; <u>see also</u> <u>Hughes v. CACI, Inc-Commercial</u>, 384 F.Supp.2d 89 (D.D.C. 2005).

The arbitration clause at issue here is one of broad scope.  <u>Cf.</u> <u>Mitsubishi</u> <u>Motors Corp. v. Soler</u>, 473 U.S. 614 (1985).  Moreover, every single count of the 45-page Complaint relates to the Shareholder's Agreement.  Plaintiffs entered into a valid and binding contract containing an arbitration clause.  Giordano has invoked that clause, and the plaintiffs must arbitrate their claims.  <u>Cole v. Burns Int'l Security Services</u>, 105 F.3d 1465 (D.C.Cir. 1997) (affirming district court's dismissal of complaint in favor of arbitration).

Thus, even if McUmber and Hill dropped their claim that this is a shareholders' derivative suit, creating true diversity between the parties, this Court would still be required to dismiss or stay these proceedings in favor of arbitration.  This action must be dismissed in favor of arbitration.


IV.    THIS MATTER CANNOT BE BROUGHT AS A SHAREHOLDERS' DERIVATIVE ACTION.

This matter cannot be brought as a shareholders' derivative suit under F.R.Civ. P 23.1.  That rule provides:

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and if necessary from the shareholders

or members and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.

The Complaint is devoid of any such allegations. Indeed, the reason that plaintiffs have violated their obligation of pleading is because they not only have never attempted to obtain the action from the directors or shareholders, but they have steadfastly refused to even communicate with the other directors or shareholders. **Plaintiffs are two of the four directors themselves; yet they took no action whatsoever as directors to resolve this matter.**

Undersigned counsel engaged in countless attempts in August and September to have the parties discuss and resolve their dispute. Rather than return any of the numerous phone calls and letters from undersigned counsel, plaintiffs' counsel chose to ignore all such communications and file this completely needless litigation. Plaintiffs cannot maintain this action as a shareholder's derivative action because of their utter failure to take the action prerequisite to filing.

Indeed, plaintiffs' bad faith in bringing this vexatious litigation never ceases to amaze. Plaintiffs are not content with merely refusing to meet to discuss resolution of this matter, but now wish to simply destroy DMS for spite. Despite the fact that under Rule 26(d), plaintiffs can serve no discovery until after the Court has issued its Rule 16 scheduling order, and despite the fact that on September 29, this Court flatly denied their request for accelerated discovery, on October 20, plaintiffs served a baseless and defective subpoena for documents on NTI, DMS's main customer. The fact that these self-seeking plaintiffs, one of whom purports to be an officer of the company, have now

served on DMS's best customer a subpoena for documents, *knowing that the Court has already refused to permit such premature discovery,* shows beyond any dispute that plaintiffs' true desire is to wreck DMS and destroy its business relationships.

McUmber and Hill do not adequately represent the interest of the shareholders, merely themselves. The very existence of this litigation threatens to terminate the main contract that provides 90% of DMS's income. As noted in Defendant's Opposition to Motion for Preliminary Injunction, the NTI contract that is the mainstay of DMS's business contains a clause allowing NTI to terminate the contract in its sole discretion if there is litigation involving DMS. Further, the defendants together hold nearly 60% of DMS stock, and they absolutely do not wish to have Hill and McUmber expend corporate funds in frivolous pursuit of their own power play.[4] By now attacking NTI, its main customer, with an abusive and unauthorized subpoena, one which the Court has already refused to allow, plaintiffs have shown even more the true aim of this litigation: to destroy DMS:

## **CONCLUSION**

In sum, this Court does not have subject matter jurisdiction over this case, as presently aligned, nor does it have personal jurisdiction over Giordano. Moreover, the matters in dispute must be arbitrated if one of the parties requests arbitration. For the foregoing reasons, Defendant prays this Court dismiss this Action for lack of subject matter jurisdiction, or, in the alternative, dismiss Giordano as a defendant for lack of personal jurisdiction over Giordano, or in the alternative, dismiss or stay these proceedings and compel Plaintiffs to refer this matter to arbitration, and for such other relief as to the Court seems proper.

---

[4] ,

Respectfully submitted,


By:  /s/ David Bledsoe
Bar Number 422596
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
Tel.:  703-379-9424
Fax:  703-684-1851

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 23, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing:

Philip J. McNutt, Esquire
Hughes and Bentzen, PLLC
1100 Connecticut Avenue
Suite 340
Washington DC  20036


John W. Thomas , Esquire
Luman, Lange, Thomas & McMullen
1660 L Street NW
Suite 3506
Washington DC  20036

And by first class mail to:

Anthony Watson
303-F Holden Green
Cambridge MA  02138

                                        __/s/David I. Bledsoe_____
                                        David I. Bledsoe

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
DATA MOUNTAIN SOLUTIONS, INC., et al.,    )
                                            )
             Plaintiffs,        )
                                            )
v.                                          )      CA 06-1666 (PLF)
                                            )
GREGG GIORDANO, et al.,           )
                                            )
            Defendants.     )
_____)

**<u>AFFIDAVIT OF GREGG GIORDANO</u>**

Under penalty of perjury, I, Gregg Giordano, depose and say:

1.      I am one of the defendants in this matter.  I am over the age of twenty-one, and this affidavit is made on personal knowledge.

2.      I reside in the Commonwealth of Virginia.  No defendants reside in the District of Columbia.

3.      I am a shareholder, director, and officer of DMS.  I own 22,500 shares of DMS stock, or approximately 29 percent of outstanding shares.  I am the Secretary of the Corporation.

4.      Defendant Anthony Watson ("Watson") is a shareholder and director of DMS.  He does not reside in the District of Columbia.

5.      DMS does not do any business in the District of Columbia.  All services I perform on behalf of DMS take place in Virginia.  I have not contracted to supply services in the District of Columbia.

EXHIBIT A

6.    The only substantial connection that DMS has to the District of Columbia is that DMS used Luman, Lange, Thomas & McMullen, LLP as its law firm. That firm is DMS's attorney, not mine.

7.    West Virginia requires DMS as a West Virginia corporation to have a registered office in West Virginia. DMS's registered office is with an executive suite operation in Charleston, West Virginia. DMS maintains no physical office at this location, and DMS has no employees who live or work in West Virginia. No business activity of any sort takes place at the registered office in West Virginia. DMS does no actual business in the state of West Virginia.

8.    DMS's principal place of business is at 8619 Westwood Center Drive, Suite 200, Vienna, VA 22182 ('The Virginia Office"). The Virginia Office is where DMS maintains the datacenter that is the central thrust of DMS's activities, and the main source of DMS's income. DMS employees work at and use the Virginia Office in order to service and maintain DMS's data center.

9.    Mr. Watson and I agreed to the sale of his stock to me in Maryland, not the District of Columbia. The documents regarding this transaction were all executed in Maryland.

10.    DMS has no clients in the District of Columbia, and neither I nor any other DMS employee to my knowledge performs business activities in the District of Columbia.

11.    I certify upon penalty of perjury that the foregoing is true and correct.

Gregg Giordano

EXHIBIT A

**DAVID I. BLEDSOE**
ATTORNEY AT LAW
601 KING STREET
ALEXANDRIA, VIRGINIA 22314
TELEPHONE (703) 379-9424
FACSIMILE (703) 684-1851

OF COUNSEL
JOHN A. RITCHIE

ADMITTED IN VIRGINIA,
MARYLAND AND D.C.

October 12, 2006

**BY FAX**
Philip J. McNutt, Esquire
Hughes and Bentzen, POLK
1100 Connecticut Avenue
Suite 340
Washington DC  20036

    Re: Data Mountain Solutions, Inc.

Dear Mr. McNutt:

    As I mentioned in our meeting last Tuesday, my client is invoking his right under the Shareholder's Agreement to have this matter resolved by arbitration.  This letter will serve as formal confirmation of the invocation of that right.

    Pursuant to our obligation to confer regarding motions, please let me know if your clients will consent to the stay required by the Federal Arbitration Act, or whether a motion to compel arbitration and stay this matter will be needed.

                           Sincerely,

                           David I. Bledsoe

cc:  John Thomas, Esq.
Anthony J. Watson

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
DATA MOUNTAIN SOLUTIONS, INC., et al.,    )
                                          )
            Plaintiffs,                   )
                                          )
v.                                        ) CA 06-1666 (PLF)
                                          )
GREGG GIORDANO, et al.,                   )
                                          )
            Defendants.                   )
_____

**<u>DEFENDANT'S REQUEST FOR HEARING</u>**

Defendant Gregg Giordano requests oral argument on his Motion to Dismiss, or

in the Alternative, to Stay Proceedings and Compel Arbitration.


                              Respectfully submitted,



                              By:  /s/ David Bledsoe
                              Bar Number 422596
                              bledsoelaw@earthlink.net
                              300 North Washington Street
                              Suite 700
                              Alexandria VA 22314
                              Tel.:  703-379-9424
                              Fax:  703-684-1851

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
DATA MOUNTAIN SOLUTIONS, INC., et al.,    )
                                                        )
                    Plaintiffs,                       )
                                                        )
v.                                                      ) CA 06-1666 (PLF)
                                                        )
GREGG GIORDANO, et al.,                       )
                                                        )
                    Defendants.                     )
_____

**[PROPOSED] ORDER**

        THIS MATTER HAVING COME BEFORE THE COURT upon the Motion of

Defendant Gregg Giordano to Dismiss, to Stay Proceedings, and to Compel Arbitration,

and it appearing to the Court that the parties are not diverse, and it further appearing to

the Court that Defendant Giordano is not subject to long-arm jurisdiction in this matter, it

is hereby

        ORDERED that the Complaint is dismissed for lack of subject matter jurisdiction.

        Ordered this _____ day of _____, 2006.



                                                _____
                                                Judge Paul L. Friedman
                                                United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
DATA MOUNTAIN SOLUTIONS, INC., et al.,          )
                                                )
                    Plaintiffs,                 )
                                                )
v.                                              ) CA 06-1666 (PLF)
                                                )
GREGG GIORDANO, et al.,                         )
                                                )
                    Defendants.                 )
_____)


## **]PROPOSED] ORDER**

THIS MATTER HAVING COME BEFORE THE COURT upon the Motion of

Defendant Gregg Giordano to Dismiss, to Stay Proceedings, and to Compel Arbitration,

and it appearing to the Court that there is a valid and binding arbitration agreement

between the parties, and that the subject matter of the Complaint and plaintiffs' claims

are arbitrable under that agreement, further appearing to the Court that Defendant

Giordano is not subject to long-arm jurisdiction in this matter, it is hereby

ORDERED that the parties are to submit their claims to arbitration pursuant to the

Shareholders' Agreement, and this Complaint is dismissed.

Ordered this _____ day of _____, 2006.


_____
Judge Paul L. Friedman
United States District Judge