**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DATA MOUNTAIN SOLUTIONS, INC., *et al*. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-1666-PLF |
| ) | |
| GREGG GIORDANO, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO THE OPPOSITION OF GREGG GIORDANO TO THE
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, Data Mountain Solutions, Inc. ("DMS"), Derek McUmber ("McUmber")
and Frederick Hill ("Hill"), by and through counsel, Hughes & Bentzen, PLLC, submit the
following points and authorities in reply to the Opposition filed herein by the Defendant,
Gregg Giordano:

I. INTRODUCTION:

The Defendant, Gregg Giordano, has filed an Opposition to the Plaintiffs' Motion for
Preliminary Injunction. While the Defendant raises several arguments, most of the arguments
may be brought only by Motion and, therefore, are not timely for the hearing scheduled for
November 3, 2006. Nevertheless, as a precaution, lest the Court think that the Plaintiffs are
ignoring the Defendant's arguments, the Plaintiffs have submitted two Declarations herewith,
by Plaintiffs Hill and McUmber. A large portion of those declarations deal with the
underlying factual issues that show there is jurisdiction over the Defendants in this Court.
The Declarations also add support to the factual allegations supporting the Plaintiffs' Motion
for injunctive relief.

Unfortunately, throughout the presentation before Judge Bates[1] and this Court by the Defendant, the Defendant chose to attack the Plaintiffs and their counsel rather than to respond to the issues raised in the Plaintiffs' Motion for Preliminary Injunction ("the Motion"). The Plaintiffs will not respond in kind, other than to suggest that these tactics are consistent with an effort to avoid having to provide the necessary corporate documents which bear on whether the Plaintiffs are entitled to relief. The constant stonewalling and refusal to produce documents is indication enough that the Defendants are afraid to produce the documents which tell how the Defendant sought to steal control of the Corporation from the Plaintiffs while, at the same time, converting Corporate assets and opportunities for the sole benefit of the Defendants. All of this was accomplished to the detriment of DMS and the other shareholders, including the Plaintiffs Hill and McUmber.

## II. ARGUMENT

### A. **Diversity Exists.**

The Defendant argues that the Corporation is a citizen of the Commonwealth of Virginia. Thus, the Defendant argues, no diversity exists and the court must dismiss this case. The primary focus of the Defendant is an alleged "office" at 8619 Westwood Center Drive, Vienna, Virginia. *See* Opposition, p.3; Giordano Affidavit, ¶17. However, the "office" asserted by Giordano is a 19" wide rack on which approximately 5 pieces of computer equipment sit. There is no office, no desk, no phone, no operation at the Vienna address. *See* Hill Declaration, ¶10; McUmber Declaration, ¶10. In fact, that site is merely a series of rows of similar racks leased by Navisite to its customers like DMS.

As this Court is certainly aware, federal courts follow a nerve center test to determine corporate citizenship for purpose of applying the diversity jurisdiction rules of 28 U.S.C.

---

[1] at the hearing held by conference call on September 29, 2006

§1332(a). *Masterson-Cook v. Criss Brothers Iron Works, Inc.*, 722 F.Supp. 810, 812 (D.D.C. 1989), citing *Knee v. Chemical Leaman Tank Lines, Inc.*, 293 F. Supp. 1094 (E.D. Pa. 1968); *National Spinning Co. v. City of Washington*, 312 F. Supp. 958 (E.D.N.C. 1970). When no one state is clearly the center of corporate activity or accounts for a majority of the company income, the headquarters logically assumes greater importance in determination of the principal place of business. *Id.,* citing *Mahoney v. Northwestern Bell Tel. Co.*, 258 F. Supp. 500 (D. Neb. 1966), aff'd, 377 F.2d 549 (8th Cir. 1967). Under well established case law, including those cases cited above, the facts asserted in the Complaint (as buttressed by the Declarations of McUmber and Hill), show that the principal place of business of the Corporation is West Virginia. Even if the company does business at or through other locations in Virginia and Maryland, under the nerve center test, West Virginia is the proper state of citizenship. Most corporate documents list West Virginia as the principal office (Hill Declaration, ¶¶16, 16a). The Corporation does maintain an office in West Virginia, and in no other jurisdiction (McUmber Declaration, ¶8. Hill Declaration, ¶8. Government filings show the principal office in West Virginia. Hill Declaration, ¶16a. Most of the Corporation's business is conducted through the West Virginia address. Hill Declaration, ¶19, McUmber Declaration, ¶19. Since some of the business of the Corporation is conducted at the home addresses of the principals but West Virginia is the only office, under the holding of *Masterson-Cook, supra*, West Virginia is the state of citizenship of the Corporation. Thus there is complete diversity since the Plaintiffs are citizens of Maryland and West Virginia and the Defendants are citizens of Virginia, the District of Columbia and Massachusetts.

B.    **The District of Columbia has Jurisdiction Over the Defendant, Giordano**.

The next argument is that there is no jurisdiction over the Defendant, Giordano. However, the Defendant has pointed to the statute that provides such jurisdiction, namely,

D.C. Code §13-423. Indeed the bad acts complained of in the Complaint all occurred in the District of Columbia. *See*, for example, Complaint, ¶¶12, 14, 18, 19, 23, 25, 28, 30, 31, 32, 33, 36, 38, 39; McUmber Declaration, ¶¶24, 27, 28 and 29; Hill Declaration, ¶¶24, 25, 26, 27. The Defendant's attempts to take over DMS by manipulation of its corporate records all took place in the District of Columbia. There are other bad acts, including the manipulation of contracts involving contacts in the District of Columbia, which subject the Defendant to jurisdiction in the District of Columbia.

C.    **The Plaintiffs Have Shown Ample Grounds for the Granting of Injunctive Relief**

The Defendant next attacks the Motion by asserting that there is insufficient grounds for the granting of injunctive relief. However, in doing so, the Defendants do not respond at all to the Plaintiffs' well supported allegations that the Defendant(s) have already converted assets of the Corporation to their own use and benefit without authority, namely, $62,000 paid out of the Corporate account to Giordano for the purpose of acquiring Watson's stock, and the Defendant's pocketing all of the proceeds of the NTI Contract from at least June, 2006. It is interesting to note, in the context of the request for injunctive relief, that the Defendants are now offering to reverse the illegal stock purchase by Giordano from Watson. But only after the filing of the Complaint. The Defendant says nothing in his Opposition, however, about the approximately $62,000 which he outright stole from the Corporate bank account. Moreover, the Defendant does not address the allegation that the stolen funds were used for the subject Watson transaction. Additionally, the Defendants fail to discuss what they are willing to do concerning the SecuriCabinet assets already transferred to Mr. Watson in exchange for his stock interest in the Corporation (which they now so graciously offer to "rescind").

It remains undisputed that the Plaintiffs have no information concerning the location of approximately $40,000 in monthly income received by the Corporation each month since

May, 2006. Moreover, the Defendants have refused to divulge that information and are continuing to thwart all of the Plaintiffs' attempts to view corporate documents to which they have absolute entitlement. Thus, the Plaintiffs are blind with respect to the Corporation's present major source of business and income, its contract with NTI. The Defendants have been very careful to make no statements regarding the current NTI contract or its income.

Contrary to the Defendant's conclusory statements arguing against injunctive relief, the Plaintiffs are facing irreparable harm while the Defendants continue to unlawfully hold and control Corporate assets. While this action is pending the Corporation is in danger of losing its major contract, the NTI contract. In his Opposition the Defendant provides a copy of a two year old contract with NTI (the Teaming Agreement) and an unsigned subcontract. However, the Defendant refuses to turn over, identify or account for the current NTI contract or its income. Moreover, since the Defendant asserts he is in sole control of the contract and its income, he will continue to wrongfully control future business and income under the contract or any renewal or modification of that contract, without the protection of corporate governance principles or corporation law, absent injunctive relief.

This Court should not be fooled by the Defendants' baseless mudslinging. There is no evidence that the Plaintiffs have done anything other than protect the corporation's assets and income. Compare that to the undisputed theft of over $62,000 from the Corporation's bank account. The fact that the Defendant used starter checks instead of the regular numbered corporate checks is indication enough that the Defendant tried to hide the transaction and cannot be trusted. The fact that the Defendant refuses to turn over any corporate records regarding the current NTI contract is another clear indication that the Defendant cannot be trusted. This is not about money. This is about loss of business, interference with business opportunities, theft prevention and asset protection. It is about saving the business that the

-5-

Plaintiffs entered into, and have promoted, in good faith.  Now, the Defendant seeks to betray

that faith and operate the corporation and its assets as his own proprietorship.

Regarding "bad acts" by the Plaintiffs, the Defendants only argue that the Plaintiffs

have taken over the bank account, not that they have misused it.  The Defendant has taken

corporate assets, including $62,000 in cash and an unknown amount of the proceeds of the

NTI contract and refused to provide any information or documentation about the contract or

its income.  Injunctive relief is the only meaningful remedy to the Plaintiffs.

III.    CONCLUSION

The rest of the Defendants' arguments are not for this Motion and will be addressed, or

addressed more fully, in appropriate responsive pleadings.  The Plaintiffs Application for a

Temporary Restraining Order and Motion for a Preliminary Injunction are supported by the

Verified Complaint, Memoranda in Support and the Declarations of Hill and McUmber

provide a clear factual basis for injunctive relief.  The law stated in the foregoing Memoranda,

as well as the Memoranda in Support of the Application and Motion compels the relief prayed

Therefore, no further argument is necessary.  The Plaintiffs rely upon their prior submissions

and the attached exhibits to assert that they are entitled to a preliminary injunction and request

entry of the proposed Order submitted with their Motion.


Dated: October 25, 2006                              HUGHES & BENTZEN, PLLC


                                          By:    /s/Philip J. McNutt
                                              Philip J. McNutt
                                              Federal Bar No. MD08555
                                              DC Bar No. 491258
                                              1100 Connecticut Avenue, NW
                                              Suite 340
                                              Washington, D.C.  20036
                                              Tel: (202) 293-8975

<u>Attorneys for Plaintiffs</u>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of October, 2006, a copy of the foregoing Reply was mailed to the following by first class mail, postage prepaid:

> John W. Thomas
> Luman, Lange, Thomas & McMullen
> 1660 L Street, NW
> Suite 506
> Washington, DC 20036
>
> and
>
> David L. Bledsoe, Esquire
> 300 North Washington Street
> Alexandria, VA 22314
>
> and
>
> Anthony Watson
> 303-F Holden Green
> Cambridge, MA 02138

      /s/Philip J. McNutt
      Philip J. McNutt

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA


DATA MOUNTAIN SOLUTIONS,  INC., *et al*.    )
    )
          Plaintiffs,        )
    )
v.        )  Civil Action No. 1:06CV01666-PLF
    )
GREGG GIORDANO, *et al*.    )
    )
          Defendants.    )
    )
_____)


## DECLARATION OF DEREK MCUMBER UNDER PENALTY OF PERJURY

In accordance with the requirements of LCvR 11.2, the undersigned, states, under penalty of perjury, as follows:

1.  He is the Chief Executive Officer of Data Mountain Solutions, Inc. ("DMS") and has held that position since 2003.

2.  That DMS is a West Virginia Corporation formed for the purpose of providing turn key information technology to government and corporate clients.

3.  That the corporate address is 1116 Smith Street, Charleston, West Virginia and has been since the corporation's inception.

4.  That DMS is qualified to do business in the Commonwealth of Virginia as of approximately June 3, 2003.  The company does not estimate or file income tax returns in any state other than West Virginia.  DMS is also authorized to transact business in the District of Columbia

5.  DMS has, or has had, employees in West Virginia, Maryland and Virginia since its inception and has already contracted with a sales person in California.  Taxes have been or are withheld for employees in Maryland, West Virginia and Virginia.

6.  Contracts entered into by, or on behalf of DMS, list the corporation's main offices in both West Virginia and in Virginia.  However, he is unaware of any corporate authority for a "main office" designation in Virginia.  As late as February, 2006 contracts entered into by the Corporation list the West Virginia address, 1116 Smith Street, Charleston, West Virginia as the "main offices" of the Corporation.

7.  The Corporation receives mail in West Virginia and at a P. O. Box in Virginia near Mr. Giordano's residence.

8.  The Corporation maintains an office at an "incubator" facility in West Virginia whose address is 1116 Smith Street, Charleston, West Virginia.  The Corporation has no other offices.

9.  Officers and employees Giordano, Hill and McUmber work from their residences. Hill and McUmber reside in Maryland.  Giordano resides in Virginia.  Of the three, McUmber is the only engineer, programmer.  He is responsible for the company's equipment, computers and software programming tasks.

10.  The address at 8619 Westwood Center Drive, Suite 200, Vienna, Virginia 22182 is a space leased by a company called Navisite which maintains secure computer bays for companies like DMS.  The Corporation leases a 19" rack at Navisite's leased space which holds one set of servers used by the company for some of its projects, including the subcontract with Native Technologies, Inc. ("NTI").  The Corporation has no office space at 8619 Westwood Center Drive and conducts no business there.

11.  DMS maintains a functional duplicate, known as a "mirror," of its equipment at Westwood Center Drive.  That "mirror" is located in Syracuse, New York in a similar leased "rack" at a Navisite leased space near the airport in North Syracuse, New York. In the past, server facilities of the Corporation have been located in Michigan and the District of

Columbia.

12.  Both mirrored systems are maintained by McUmber via encrypted communication from his home office in Maryland, or at the Navisite locations.

13.  The original principals of DMS, upon my arrival at the company in 2003, had, and except for Tony Watson, continue to have the following duties and responsibilities in the Corporation:

   a.  Anthony Watson was primarily responsible for marketing the Corporation's products and services.

   b.  Fred Hill is primarily responsible for operations and sales.

   c.  Gregg Giordano is primarily responsible for lead generation and sales.

   d.  Derek McUmber is responsible for engineering and program, systems maintenance and sales.

14.  At the present time the Corporation has the following officers: President, Fred Hill; Chief Executive Officer, Derek McUmber; Secretary, Giordano.

15.  The Corporate Books and Records of DMS are maintained by John Thomas and/or Luman, Lange, Thomas and McMullen in the District of Columbia.

16.  The Annual Report required by the State of Virginia lists the Principal Office of the Corporation as 1116 Smith Street, Charleston, West Virginia.

17.  Various contracts, reports, invoices, remittances and other business documents are originated, or received, at the addresses of the principals in Bethesda, Maryland, Annapolis, Maryland and Herndon, Virginia, respectively.

18.  The corporation's assets consist primarily of computers, servers and related equipment and software, as well as the corporation's software source code, which is its most valuable asset.  The computers are located at the residences of employees, consultants,

contractors and/or officers in California, Virginia, New York and Maryland. Servers are located at the leased space of Navisite in New York and Virginia and at Mr. McUmber's residence in Bethesda, Maryland. The Software source code is located at Mr. McUmber's residence in Bethesda, Maryland.

19. Most, if not all, of the Corporation's contracts, including employment contracts, were entered into either in West Virginia, or Maryland, including the Corporation's existing contracts with ENet Technologies, Inc., Navisite, Zone Edit, United Bank and Cisco Systems and Susan Hunt (Sales Agent). In addition to the corporate parties listed above, the corporation also does business with federal government agencies who have offices in the District of Columbia and suburban Washington, DC and are headquartered in the District of Columbia.

20. On or about June 2, 2003, all of the shareholders of the Corporation at the time, namely, Hill, McUmber, Watson and Giordano, entered into a Shareholders' Agreement which established the rights and obligations of the shareholders of the Corporation. A copy of the Shareholders' Agreement is attached to the Complaint as Exhibit 2 and is incorporated into this Affidavit.

21. Since June, 2004, DMS and its officers have been receiving substantial remuneration on account of a multi-million dollar federal government contract awarded to a DMS client, NativeTechnologies, Inc. ("NTI") by the General Services Administration ("GSA"). DMS designed and developed the software and operates and maintains the system on which the NTI contract is based. The software source code constitutes a proprietary asset and trade secret of DMS and is its most valuable asset. DMS' involvement in the contract is through a Teaming Agreement with NTI which Giordano executed on behalf of Wave Interface/DMS. Wave Interface is an entity name used by Giordano and Watson prior to their

coming into DMS, as Members.  Declarant is not aware of any business conducted by Wave Interface.  Declarant has investigated the name Wave Interface and is not aware of any entity by that name authorized to do business in the United States.

22.  On or about May 24, 2006, Gregg Giordano issued and negotiated a check payable to "Cash", in the amount of $40,000, and issued another check in the amount of $20,000 (for purchase of a cashier's check in like-amount), **both out of DMS' bank account "starter-kit".**  Copies of the DMS bank account "starter- kit" checks, in the amounts of $40,000 and $20,000, respectively, are attached as Exhibit 3 to the Complaint filed herein and are incorporated into this Affidavit.

23.  DMS approved a transaction with Anthony Watson whereby Watson agreed to convey 100% (22,500 shares) of his stock in DMS to the treasury of DMS in exchange for cash of $28,406, plus the source code, logo and other rights to the website platform and related assets known as "SecuriCabinet," along with other consideration.  This transaction was approved by all parties to the Shareholders' Agreement.

24.  In the Spring, 2006 the parties hereto held meetings at the Luman, Lange firm in Washington, DC to discuss the status of stock ownership and control of the Corporation and its assets.  Specifically, on May 25, 2006, a meeting was held at Luman, Lange during which Giordano claimed he acquired a majority of the stock in DMS and controlled its business and assets.

25.  By his letter dated July 28, 2006, he requested that  Giordano and Thomas produce the corporate records required to be kept under DMS' By-Laws, including the stock transfer and related books of DMS, and the minutes of shareholder and directors' meetings, notices of such meeting, and any consents, resolutions, or other writings related to the stock ownership now claimed by  Giordano.  The Letter also demanded that Giordano and Thomas cease and

desist from taking any monies, stock, or other property or remuneration from DMS until resolution, adjudication, or other disposition of the parties' differences.  A copy of the July 28, 2006 Letter is attached to the Complaint as Exhibit 6 and is incorporated into this Affidavit.

26.  On August 16, 2006, he reiterated his demand for any documents or information regarding the subject DMS stock issuances.   A copy of the  August 16, 2006 Letter is attached to the Complaint as Exhibit 10 and incorporated into this Affidavit.

27.  On August 29, 2006,  Thomas threatened to record reductions of the record shares of DMS stock issued to  Hill because of an "understanding that [such] transactions were unanimously approved by the four principal shareholders".   Your affiant is not aware of any corporate approvals for such action. A copy of Thomas' August 29, 2006  e-mail Letter is attached to the Complaint as Exhibit 15 and is incorporated into this Affidavit.

28.  That he and Fred Hill did formally object to the "actions" threatened by  Thomas in his e-mail of August 29th in an attempt to preserve the status quo pending some independent review of the corporate books, records and agreements to determine the actual stock ownership in DMS. Their August 31, 2006 Letter (from their counsel) McUmber and Hill did formally object to the "actions" threatened by  Thomas in his e-mail of August 29th in an attempt to preserve the status quo pending some independent review of the corporate books, records and agreements to determine the actual stock ownership in DMS.  *See* August 31, 2006[t] Letter from Plaintiff's counsel, is attached to the Complaint as Exhibit 15 and is incorporated into this Affidavit.

29.  By Letter of September 5, 2006, defendant Giordano threatened to take immediate "possession of the original minutes and stock book" and to "correct the stock book." A copy of the letter of September 5, 2006 is attached to the Complaint as Exhibit 15 and is

incorporated into this Affidavit.

30.  That pursuant to the agreements between NTI and DMS and among the shareholders of DMS, DMS and McUmber are entitled to a share of the proceeds of the GSA contract.  However, the Corporation has received no income from the subject contract since June, 2006. Despite several demands to Giordano, he has refused to provide any of the contractual documentation or receipt information regarding the proceeds of that contract.

31.  To date, the only documentation which Giordano has provided regarding the GSA contract (NTI contract) is a copy of a Teaming Agreement dated January 8, 2003, a copy of which is attached as Exhibit H to Giordano's Opposition to Plaintiffs' Motion for Preliminary Injunction and is incorporated into this Affidavit.

32.  Although the Teaming Agreement expired in or about January, 2005 (**See** Giordano Opposition, Exhibit H, Article 6.1(a)) the Corporation has continued to receive payments through at least May, 2006 from the NTI/GSA contract and the DMS-NTI Subcontract (**See** Giordano Opposition, Exhibit H, Exhibit A).  The Plaintiffs have not received any of the documentation related to the continuation of the subject contracts after January, 2005 and have not received any documentation or receipts related to any payments made after June, 2006.

33.  NTI has invoiced GSA for approximately $44,110.88, monthly, since June, 2006. Attached hereto as Exhibit I to this Affidavit is an email dated May 6, 2006 from Giordano to McUmber which verifies the amount of the monthly invoice.  Your declarant has no knowledge of any change to the invoice amounts and has not discussed any changes with either NTI or Giordano.

34.  From each NTI invoice DMS is entitled to 49%, or approximately $21,100 and McUmber and Giordano are entitled to 23% each, or approximately $10,000 (each).  A copy



of an email from Giordano to McUmber dated May 21, 2004 which spells out the parties' agreement as to the distribution of the proceeds of the NTI/DMS contract or subcontract is attached hereto as Exhibit II to this Affidavit. There have been no discussions with any party regarding the modification of the distribution set forth in Exhibit II.

35. The matters and facts set forth above are personally known to Declarant who is competent to testify thereto.

36. Declarant is above the age of twenty-one years.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2006.

Derek McUmber

**Philip McNutt**

| | |
|---|---|
| **From:** | Derek McUmber [derek.mcumber@datamtnsol.com] |
| **Sent:** | Wednesday, October 25, 2006 2:10 PM |
| **To:** | Philip McNutt |
| **Subject:** | [Fwd: Re: check] |

-------- Original Message --------
From: - Wed May 26 23:25:02 2004
X-UIDL: 2670
X-Mozilla-Status: 0013
X-Mozilla-Status2: 00000000
Return-Path: <gregg.giordano@datamtnsol.com>
Received: from lakermmtao09.cox.net ([68.230.240.30] verified)  by leros.net (CommuniGate Pro SMTP 4.1.8)
with ESMTP id 16609605 for derek.mcumber@datamtnsol.com; Wed, 26 May 2004 23:07:55 -0400
Received: from datamtnsol.com ([68.100.37.143]) by lakermmtao09.cox.net
        (InterMail vM.6.01.03.02 201-2131-111-104-20040324) with ESMTP
        id
<20040527032429.EHMW27294.lakermmtao09.cox.net@datamtnsol.com>
for <derek.mcumber@datamtnsol.com>;        Wed, 26 May 2004 23:24:29 -0400
Message-ID: <40B55F6B.30808@datamtnsol.com>
Date: Wed, 26 May 2004 23:24:27 -0400
From: gregg giordano <gregg.giordano@datamtnsol.com>
User-Agent: Mozilla/5.0 (Windows; U; Windows NT 5.1; en-US; rv:1.4)
Gecko/20030624
X-Accept-Language: en-us, en
MIME-Version: 1.0
To: Derek McUmber <derek.mcumber@datamtnsol.com>
Subject: Re: check
References: <40B55791.9040608@datamtnsol.com>
In-Reply-To: <40B55791.9040608@datamtnsol.com>
Content-Type: text/plain; charset=ISO-8859-1; format=flowed
Content-Transfer-Encoding: 7bit

we have cash for the next few week... we are expecting to get in the $20K from GSA and we are ready to
invoice for another $80K on the 27th, We will closeout the ISR on the 2ed with steve and erling and puch the
approvals to Kris Curtis by the 4th and Kirs assures me that we will be paid on time if we do this.  Also we are
invoicing  $44,110.88 on the 6th of June and everymonth for the next 24 months.
But hold on to it just in case...


Derek McUmber wrote:

> How about if I give you a check for 7,000 (the 9170 minus anticipated
> expenses) so we have some cash for the next few weeks.
>
> Derek
>
>

**Philip McNutt**

| | |
|---|---|
| **From:** | Derek McUmber [derek.mcumber@datamtnsol.com] |
| **Sent:** | Wednesday, October 25, 2006 2:11 PM |
| **To:** | Philip McNutt |
| **Subject:** | [Fwd: Invoices for GSABP001-3] |


DM invoice for
nti1-3.pdf (39 ...


DMS invoice from
nti1-3.pdf (6...


GG invoice for
nti1-3.pdf (38 ...

-------- Original Message --------
From: - Fri May 21 17:49:01 2004
X-UIDL: 2630
X-Mozilla-Status: 0001
X-Mozilla-Status2: 10000000
Return-Path: <gregg.giordano@datamtnsol.com>
Received: from lakermmtao11.cox.net ([68.230.240.28] verified) by leros.net (CommuniGate Pro SMTP 4.1.8)
with ESMTP id 16484647 for derek.mcumber@datamtnsol.com; Fri, 21 May 2004 17:28:53 -0400
Received: from datamtnsol.com ([68.101.32.113]) by lakermmtao11.cox.net
        (InterMail vM.6.01.03.02 201-2131-111-104-20040324) with ESMTP
        id
<20040521214603.MDGQ25135.lakermmtao11.cox.net@datamtnsol.com>;
  Fri, 21 May 2004 17:46:03 -0400
Message-ID: <40AE7899.3040802@datamtnsol.com>
Date: Fri, 21 May 2004 17:46:01 -0400
From: gregg giordano <gregg.giordano@datamtnsol.com>
User-Agent: Mozilla/5.0 (Windows; U; Windows NT 5.1; en-US; rv:1.4)
Gecko/20030624
X-Accept-Language: en-us, en
MIME-Version: 1.0
To: JA108@aol.com
Subject: Invoices for GSABP001-3
Content-Type: multipart/mixed;
boundary="------------09000602000400703010901"

Joe,
Here is the total the GSA payment should have been for and how the money is to be distributed.
Total payment $43013.60
NTI 5% = $2150.68
DMS 49% = $21,076.66
Derek = $9,893.13
Gregg = $9,893.13

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC., *et al.*    )
                                            )
    Plaintiffs,             )
                                            )
v.                                          )    Civil Action No. 1:06CV01666-PLF
                                            )
GREGG GIORDANO, *et al.*                    )
                                            )
    Defendants.             )
                                            )
_____   )

## DECLARATION OF FREDERICK HILL UNDER PENALTY OF PERJURY

In accordance with the requirements of LcvR 11.2, the undersigned, states, under penalty of perjury, as follows:

1. He is the President of Data Mountain Solutions. Inc. ("DMS") and has held that position since 2003.

2. That DMS is a West Virginia Corporation formed for the purpose of providing turn key information technology to government and corporate clients.

3. That the corporate address is 1116 Smith Street, Charleston, West Virginia and has been since the corporation's inception.

4. That DMS is qualified to do business in the Commonwealth of Virginia as of approximately June 3, 2003. The company does not estimate or file income tax returns in any state other than West Virginia. DMS is also authorized to transact business in the District of Columbia

5. DMS has. or has had. employees in West Virginia. Maryland and Virginia since its inception and has also contracted with a sales person in California. Taxes have been or are withheld for employees in Maryland, West Virginia and Virginia.

-1-

6. Contracts entered into by, or on behalf of DMS, list the corporation's main offices in both West Virginia and in Virginia. However, declarant is unaware of any corporate authority for a "main office" designation in Virginia. As late as February, 2006 contracts entered into by the Corporation list the West Virginia address, 1116 Smith Street, Charleston, West Virginia as the "main offices" of the Corporation.

7. The Corporation receives mail in West Virginia and at a P. O. Box in Virginia near Mr. Giordano's residence.

8. The Corporation maintains an office at an "incubator" facility in West Virginia whose address is 1116 Smith Street, Charleston, West Virginia. The Corporation has no other offices.

9. Officers and employees Giordano, Hill and McUmber work from their residences. Hill and McUmber reside in Maryland. Giordano resides in Virginia. Of the three, McUmber is the only engineer, programmer. He is responsible for the company's equipment, computers and software programming tasks.

10. The address at 8619 Westwood Center Drive, Suite 200, Vienna, Virginia 22182 is a space leased by a company called Navisite which maintains secure computer bays for companies like DMS. The Corporation leases a 19" rack at Navisite's leased space which holds one set of servers used by the company for some of its projects, including the subcontract with Native Technologies, Inc. ("NTI"). The Corporation has no office space at 8619 Westwood Center Drive and conducts no business there.

11. DMS maintains a duplicate system, known as a "mirror" of its equipment at Westwood Center Drive. That "mirror" is located in Syracuse, New York in a similar leased "rack" at a Navisite leased space near the airport in North Syracuse, New York. In the past, mirror facilities of the Corporation have been located in Michigan and the District of

-2-

Columbia.

12. Both mirrored systems are maintained by McUmber from his home office in Maryland.

13. The original principals of DMS had, and except for Tony Watson, continue to have the following duties and responsibilities in the Corporation:

a. Anthony Watson was primarily responsible for marketing the Corporation's products and services.

b. Fred Hill is primarily responsible for operations and sales.

c. Gregg Giordano is primarily responsible for lead generation and sales.

d. Derek McUmber is responsible for engineering and program, systems maintenance and sales.

14. At the present time the Corporation has the following officers: President, Fred Hill; Chief Executive Officer, Derek McUmber; Secretary, Giordano.

15. The Corporate Books and Records of DMS are maintained by John Thomas and/or Luman, Lange, Thomas and McMullen in the District of Columbia.

16. The Annual Report required by the State of Virginia lists the Principal Office of the Corporation as 1116 Smith Street, Charleston, West Virginia and the contact persons for the Corporation as Hill and Giordano at their respective residence addresses. A copy of the 2005 and 2006 annual reports, dated June 30 are attached to this Affidavit, collectively, as Exhibit I.

16a. As part of the Central Contractor Registration requirement of the Defense Logistics Agency, DMS is required to file a Trading Partner Profile. The Profile records the business location as 1116 Smith Street, Charleston, West Virginia 25301-1314. Attached collectively hereto as Exhibit II to this Affidavit are the Partner Profile Request submissions

-3-

for the Corporation for 2004 and 2005.

17. Various contracts, reports, invoices, remittances and other business documents are originated, or received, at the addresses of the principals in Bethesda, Maryland, Annapolis, Maryland and Herndon, Virginia, respectively.

18. The corporation's assets consist primarily of computers, servers and related equipment and software, as well as the corporation's software source code, which is its most valuable asset. The computers are located at the residences of employees, consultants, contractors and/or officers in California, Virginia, New York and Maryland. Servers are located at the leased space of Navisite in New York and Virginia and at Mr. McUmber's residence in Bethesda, Maryland. The Software source code is located at Mr. McUmber's residence in Bethesda, Maryland.

19. Most, if not all, of the Corporation's contracts, including employment contracts, contracts for equipment and inventory, were entered into either in West Virginia, or Maryland, including the Corporation's existing contracts with ENet Technologies, Inc., Navisite, Zone Edit, United Bank and Cisco Systems and Susan Hunt (Sales Agent). In addition to the corporate parties listed above, the corporation also does business with federal government agencies who have offices in the District of Columbia and suburban Washington, DC and are headquartered in the District of Columbia. The corporation's primary bank account is located at United Bank in Parkersburg, West Virginia.

20. On or about June 2, 2003, all of the shareholders of the Corporation at the time, namely, Hill, McUmber, Watson and Giordano, entered into a Shareholders' Agreement which established the rights and obligations of the shareholders of the Corporation. A copy of the Shareholders' Agreement is attached to the Complaint as Exhibit 2 and is incorporated into this Affidavit.

-4-

21. Since June, 2004, DMS and its officers have been receiving substantial remuneration on account of a multi-million dollar federal government contract awarded to a DMS client, NativeTechnologies, Inc. ("NTI") by the General Services Administration ("GSA"). DMS designed and developed the software and operates and maintains the system on which the NTI contract is based. The software source code constitutes a proprietary asset and trade secret of DMS and is its most valuable asset. DMS' involvement in the contract is through a Teaming Agreement with NTI which Giordano executed on behalf of Wave Interface/DMS. Wave Interface is an entity name used by Giordano and Watson prior to their coming into DMS, as Members. Declarant is not aware of any business conducted by Wave Interface. Declarant has investigated the name Wave Interface and is not aware of any entity by that name authorized to do business in the United States.

22. On or about May 24, 2006, Gregg Giordano issued and negotiated a check payable to "Cash", in the amount of $40,000, and issued another check in the amount of $20,000 (for purchase of a cashier's check in like-amount), **both out of DMS' bank account "starter-kit".** Copies of the DMS bank account "starter- kit" checks, in the amounts of $40,000 and $20,000, respectively, are attached as Exhibit 3 to the Complaint filed herein and are incorporated into this Affidavit.

23. DMS approved a transaction with Anthony Watson whereby Watson agreed to convey 100% (22,500 shares) of his stock in DMS to the treasury of DMS in exchange for cash of $28,406, plus the source code, logo and other rights to the website platform and related assets known as "SecuriCabinet," along with other consideration. This transaction was approved by all parties to the Shareholders' Agreement.

24. In the Spring, 2006 the four major shareholders held meetings at the Luman, Lange firm in Washington, DC to discuss the status of stock ownership and control of the

-5-

Corporation and its assets. Specifically, on May 25, 2006, a meeting was held at Luman, Lange during which Giordano claimed he acquired a majority of the stock in DMS and controlled its business and assets.

25. On August 29, 2006, Thomas threatened to record reductions of the record shares of DMS stock issued to Hill because of an "understanding that [such] transactions were unanimously approved by the four principal shareholders". Declarant is not aware of any corporate approvals for such action. A copy of Thomas' August 29, 2006 e-mail Letter is attached to the Complaint as Exhibit 15 and is incorporated into this Affidavit.

26. That he and Derek McUmber did formally object to the "actions" threatened by Thomas in his e-mail of August 29th in an attempt to preserve the status quo pending some independent review of the corporate books, records and agreements to determine the actual stock ownership in DMS. Their August 31, 2006 Letter (from their counsel) McUmber and Hill did formally object to the "actions" threatened by Thomas in his e-mail of August 29th in an attempt to preserve the status quo pending some independent review of the corporate books, records and agreements to determine the actual stock ownership in DMS. *See* August 31, 2006' Letter from Plaintiff's counsel, is attached to the Complaint as Exhibit 15 and is incorporated into this Affidavit.

27. By Letter of September 5, 2006, defendant Giordano threatened to take immediate "possession of the original minutes and stock book" and to "correct the stock book." A copy of the letter of September 5, 2006 is attached to the Complaint as Exhibit 15 and is incorporated into this Affidavit.

28. That pursuant to the agreements between NTI and DMS and among the shareholders of DMS, DMS and McUmber are entitled to a share of the proceeds of the GSA contract. However, the Corporation has received no income from the subject contract since

-6-

June, 2006. Despite several demands to Giordano, he has refused to provide any of the contractual documentation or receipt information regarding the proceeds of that contract.

29. To date, the only documentation which Giordano has provided regarding the GSA contract (NTI contract) is a copy of a Teaming Agreement dated January 8, 2003, a copy of which is attached as Exhibit H to Giordano's Opposition to Plaintiffs' Motion for Preliminary Injunction and is incorporated into this Affidavit.

30. Although the Teaming Agreement expired in or about January, 2005 (See Giordano Opposition, Exhibit H, Article 6.1(a)) the Corporation has continued to receive payments through at least May, 2006 from the NTI/GSA contract and the DMS-NTI Subcontract (See Giordano Opposition, Exhibit H, Exhibit A). The Plaintiffs have not received any of the documentation related to the continuation of the subject contracts after January, 2005 and have not received any documentation or receipts related to any payments made after June, 2006.

31. NTI has invoiced GSA for approximately $44,110.88, monthly, since June, 2006. Your declarant has no knowledge of any change to the invoice amounts and has not discussed any changes with either NTI or Giordano.

32. From each NTI invoice DMS is entitled to 49%, or approximately $21,100 and McUmber and Giordano are entitled to 22% each, or approximately $10,000 (each). There have been no discussions with any party regarding the modification of the distribution set forth in Exhibit II.

33. The matters and facts set forth above are personally known to Declarant who is competent to testify thereto.

34. Declarant is above the age of twenty-one years.

I declare under penalty of perjury under the laws of the United States of America that

-7-

the foregoing is true and correct.  Executed on October 25, 2006.

Frederick Hill

-8-

# 2006 ANNUAL REPORT
## COMMONWEALTH OF VIRGINIA
### STATE CORPORATION COMMISSION



① CORPORATION NAME:
Data Mountain Solutions, Inc.

② VA REGISTERED AGENT NAME AND OFFICE ADDRESS:   ATTY.
JOHN W THOMAS

6803 SPRUCEDALE CT

ANNANDALE, VA 22003
③ CITY OR COUNTY OF VA REGISTERED OFFICE:
129-FAIRFAX COUNTY

④ STATE OR COUNTRY OF INCORPORATION:
WV-WEST VIRGINIA

DUE DATE:  **06/30/06**

CORPORATE ID:  **F155015-3**

⑤ STOCK INFORMATION

| CLASS | AUTHORIZED |
|-------|-----------|
| CAP   | 100,000   |
|       |           |
|       |           |

DO NOT ATTEMPT TO ALTER THE INFORMATION ABOVE. Carefully read the attached instruction sheet. Type or print in black only. If item ⑥ is blank or incorrect, you must add or change the principal office address where indicated. If item ⑦ is blank or incorrect, you must add or change the director and officer information where indicated.

⑥  PRINCIPAL OFFICE ADDRESS:

| ☐ Mark this box if address shown below is correct | If address is blank or incorrect, add or correct below |
|---|---|
| ADDRESS:    1116 SMITH ST | ADDRESS: |
| CITY/ST/ZIP    CHARLESTON, WV 25301 | CITY/ST/ZIP |

⑦ DIRECTORS AND PRINCIPAL OFFICERS:   All directors and principal officers must be listed.
An individual may be designated as both a director and an officer.

| Mark appropriate box unless area below is blank:<br>☐ Information is correct   ☐ Information is incorrect   Delete information | If information at lower left is incorrect or blank, please mark appropriate box<br>and enter information below:   ☐ Correction ☐ Addition ☐ Replacement |
|---|---|
| OFFICER X   DIRECTOR X | OFFICER ☐   DIRECTOR ☐ |
| NAME:        FREDERICK S HILL JR | NAME: |
| TITLE:        PRESIDENT/T | TITLE: |
| ADDRESS:    1116 SMITH ST | ADDRESS: |
| CITY/ST/ZIP:    CHARLESTON, WV 25301 | CITY/ST/ZIP: |

I AFFIRM THAT THE INFORMATION CONTAINED IN THIS REPORT IS ACCURATE AND COMPLETE.

| SIGNATURE OF DIRECTOR/OFFICER<br>LISTED IN THIS REPORT | PRINTED NAME AND CORPORATE TITLE | DATE |
|---|---|---|

It is a Class 1 misdemeanor for any person to sign a document he knows is false in any material respect with intent that the document be delivered to the Commission for filing.

+ 0111480 000004523 09SCC1

**DUE DATE:  06/30/06**

**CORPORATE ID:  F155015-3**

⑦  DIRECTORS AND PRINCIPAL OFFICERS (continued):

All directors and principal officers must be listed.
An individual may be designated as both a director and an officer.

---

| Mark appropriate box unless area below is blank: ☐ Information is correct ☐ Information is incorrect ☐ Delete information | If information at lower left is incorrect or blank, please mark appropriate box and enter information below: ☐ Correction ☐ Addition ☐ Replacement |
|---|---|
| OFFICER ☒  DIRECTOR ☒ | OFFICER ☐  DIRECTOR ☐ |
| NAME:        GREGG GIORDANO | NAME: |
| TITLE:        SEC/VP | TITLE: |
| ADDRESS:   1116 SMITH ST | ADDRESS: |
| CITY/ST/ZIP: CHARLESTON, WV 25301 | CITY/ST/ZIP: |

---

| Mark appropriate box unless area below is blank: ☐ Information is correct ☐ Information is incorrect ☐ Delete information | If information at lower left is incorrect or blank, please mark appropriate box and enter information below: ☐ Correction ☐ Addition ☐ Replacement |
|---|---|
| OFFICER ☒  DIRECTOR ☒ | OFFICER ☐  DIRECTOR ☐ |
| NAME:        DEREK N MEUMBER | NAME: |
| TITLE:        VICE PRESIDENT | TITLE: |
| ADDRESS:   5809 MIDLAND STREET | ADDRESS: |
| CITY/ST/ZIP: BETHESDA, MD 20817 | CITY/ST/ZIP: |

---

| Mark appropriate box unless area below is blank: ☐ Information is correct ☐ Information is incorrect ☐ Delete information | If information at lower left is incorrect or blank, please mark appropriate box and enter information below: ☐ Correction ☐ Addition ☐ Replacement |
|---|---|
| OFFICER ☐  DIRECTOR ☐ | OFFICER ☐  DIRECTOR ☐ |
| NAME: | NAME: |
| TITLE: | TITLE: |
| ADDRESS: | ADDRESS: |
| CITY/ST/ZIP: | CITY/ST/ZIP: |

---

| Mark appropriate box unless area below is blank: ☐ Information is correct ☐ Information is incorrect ☐ Delete information | If information at lower left is incorrect or blank, please mark appropriate box and enter information below: ☐ Correction ☐ Addition ☐ Replacement |
|---|---|
| OFFICER ☐  DIRECTOR ☐ | OFFICER ☐  DIRECTOR ☐ |
| NAME: | NAME: |
| TITLE: | TITLE: |
| ADDRESS: | ADDRESS: |
| CITY/ST/ZIP: | CITY/ST/ZIP: |

AF00ZW Rev 1 01/04



+ 0111440 0000004523 09SCC2

# COMMONWEALTH OF VIRGINIA - STATE CORPORATION COMMISSION
## NOTICE OF ASSESSMENT OF ANNUAL REGISTRATION FEE

Pursuant to §§ 13.1-775 and 13.1-936 of the Code of Virginia, each assessed corporation shall pay the annual registration fee required by law on or before the corporation's annual report due date determined in accordance with § 13.1-775 (Stock Corporations) or § 13.1-936 (Nonstock Corporations) of each year.

Payment is due **June 30, 2006**, and must be <u>received</u> at the Commission by this date to avoid imposition of the statutory penalty.  Postmarks cannot be considered.

+ 0111480 000004523 04SCC1 0122462
Data Mountain Solutions  Inc.
JOHN W THOMAS
6803 SPRUCEDALE CT
ANNANDALE, VA 22003

SEND TO:
STATE CORPORATION COMMISSION
CLERK'S OFFICE
P. O. BOX 7607
MERRIFIELD, VA 22116-7607

(804) 371-9733 OR TOLL-FREE IN VIRGINIA 1-866-722-2551



| YOUR FILE COPY |
| --- |

**CORPORATE ID.**

F155015-3      2006

PLEASE NOTE THAT FAILURE TO PAY ON OR BEFORE THE DUE DATE WILL RESULT IN THE IMPOSITION OF A LATE PAYMENT PENALTY OF 10% OR $10.00, WHICHEVER IS GREATER, IN ADDITION TO THE ASSESSMENT. FAILURE TO PAY <u>BEFORE</u> THE LAST DAY OF THE FOURTH MONTH IMMEDIATELY FOLLOWING THE DUE DATE WILL RESULT IN THE CORPORATION BEING AUTOMATICALLY TERMINATED (DOMESTIC CORPORATIONS) OR HAVING ITS CERTIFICATE OF AUTHORITY AUTOMATICALLY REVOKED (FOREIGN CORPORATIONS).

2041048155015306000670002

| MAKE CHECKS PAYABLE TO: TREASURER OF VIRGINIA PLEASE DO NOT SEND CASH | | |
| --- | --- | --- |
| REGISTRATION FEE | $ | 670.00 |
| PRIOR YEARS BALANCE | $ | 0.00 |
| PENALTY AFTER   06/30/06 | $ | |
| TOTAL AMOUNT DUE | $ | 670.00 |

:P-1324-000

Detach Payment Notice Along This Perforation



**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

SCC635/834
(07/05)

**STATEMENT OF CHANGE OF REGISTERED OFFICE**
**AND/OR REGISTERED AGENT**

1. Corporation's Name:                       Corporation's SCC ID#: **F155015 - 3**

   **Data Mountain Solutions, Inc.**

2. Current registered agent's name and registered office address on record:

   **JOHN W THOMAS**

   **6803 SPRUCEDALE CT**

   **ANNANDALE, VA 22003**

   **Fully complete items 3, 4 and 5, even if some information remains unchanged.**

3. Registered agent's name and registered office address, including the street and number, if any, after this statement is filed with the Commission:

   _____

   _____

   _____

   _____

4. The registered agent named in item 3 is **(mark appropriate box):**
   (A) an <u>individual</u> who is a resident of Virginia **and**
   ☐ an officer of the corporation: _____ (title).
   ☐ a director of the corporation.
   ☐ a member of the Virginia State Bar.
             **OR**
   (B) ☐ a domestic or foreign stock or nonstock corporation, limited liability company or registered limited liability partnership authorized to transact business in Virginia.

5. Locality of registered office:

   (A) Current registered office locality: **FAIRFAX COUNTY**

   (B) Registered office locality after this statement is filed: ☐ county or ☐ city of _____.

6. After the foregoing change(s) is (are) made, the corporation will be in compliance with the requirements of § 13.1-634 or § 13.1-833 of the Code of Virginia, as the case may be.

7. (A) The undersigned chairman or vice-chairman of the board of directors or corporate officer executes this statement on behalf of the corporation.

   _____          _____          _____
   (date)                                        (signature)                          (printed name and title)
             **OR**

   (B) (May be used in lieu of (A) only for the circumstances set forth in the Instructions.)

   The undersigned registered agent declares that a copy of this statement has been mailed to the corporation named in item 1, above.

   _____          _____
   (date)                                        (signature of registered agent)

**SEE INSTRUCTIONS**



# 2005 ANNUAL REPORT
## COMMONWEALTH OF VIRGINIA
### STATE CORPORATION COMMISSION



① CORPORATION NAME:
Data Mountain Solutions, Inc.

DUE DATE:  **06/30/05**

② VA REGISTERED AGENT NAME AND OFFICE ADDRESS:  ATTY.
JOHN W THOMAS

CORPORATE ID:  **F155015-3**

6803 SPRUCEDALE CT

⑤ STOCK INFORMATION

ANNANDALE, VA 22003

③ CITY OR COUNTY OF VA REGISTERED OFFICE:
129-FAIRFAX COUNTY

| CLASS | AUTHORIZED |
|-------|-----------|
| CAP | 100,000 |

④ STATE OR COUNTRY OF INCORPORATION:
WV-WEST VIRGINIA

DO NOT ATTEMPT TO ALTER THE INFORMATION ABOVE. Carefully read the attached instruction sheet. Type or print in black only. If item ⑥ is blank or incorrect, you must add or change the principal office address where indicated. If item ⑦ is blank or incorrect, you must add or change the director and officer information where indicated.

⑥  PRINCIPAL OFFICE ADDRESS:

| ☑  Mark this box if address shown below is correct | If address is blank or incorrect, add or correct below |
|---|---|
| ADDRESS:    1116 SMITH ST | ADDRESS: |
| CITY/ST/ZIP    CHARLESTON, WV 25301 | CITY/ST/ZIP |

⑦ DIRECTORS AND PRINCIPAL OFFICERS:    All directors and principal officers must be listed.
An individual may be designated as both a director and an officer.

| Mark appropriate box unless area below is blank: | If information at lower left is incorrect or blank, please mark appropriate box |
|---|---|
| ☑ Information is correct   ☐ Information is incorrect   ☐ Delete information | and enter information below:    ☐ Correction ☐ Addition ☐ Replacement |
| OFFICER ☒   DIRECTOR ☒ | OFFICER ☐   DIRECTOR ☐ |
| NAME:    FREDERICK S HILL JR | NAME: |
| TITLE:    PRESIDENT/T | TITLE: |
| ADDRESS:    1116 SMITH ST | ADDRESS: |
| CITY/ST/ZIP:    CHARLESTON, WV 25301 | CITY/ST/ZIP: |

I AFFIRM THAT THE INFORMATION CONTAINED IN THIS REPORT IS ACCURATE AND COMPLETE.

_____    Frederick S. Hill, Jr   President    5/18/05
SIGNATURE OF DIRECTOR/OFFICER    PRINTED NAME AND CORPORATE TITLE    DATE
LISTED IN THIS REPORT

It is a Class 1 misdemeanor for any person to sign a document he knows is false in any material respect with intent that the document be delivered to the Commission for filing.

+ 0100505 000001465 09SCC1

**DUE DATE:  06/30/05**

**CORPORATE ID:  F155015-3**

⑦  DIRECTORS AND PRINCIPAL OFFICERS (continued):

All directors and principal officers must be listed.
An individual may be designated as both a director and an officer.

---

Mark appropriate box unless area below is blank:
☑ Information is correct  ☐ Information is incorrect  ☐ Delete information

If information at lower left is incorrect or blank, please mark appropriate box and enter information below:  ☐ Correction ☐ Addition ☐ Replacement

OFFICER ☒  DIRECTOR ☒

NAME:      GREGG GIORDANO

TITLE:      SEC/VP

ADDRESS:   1116 SMITH ST

CITY/ST/ZIP:  CHARLESTON, WV 25301

OFFICER ☐  DIRECTOR ☐

NAME:

TITLE:

ADDRESS:

CITY/ST/ZIP:

---

Mark appropriate box unless area below is blank:
☑ Information is correct  ☐ Information is incorrect  ☐ Delete information

If information at lower left is incorrect or blank, please mark appropriate box and enter information below:  ☐ Correction ☐ Addition ☐ Replacement

OFFICER ☒  DIRECTOR ☒

NAME:      DEREK N MEUMBER

TITLE:      VICE PRESIDENT

ADDRESS:   5809 MIDLAND STREET

CITY/ST/ZIP:  BETHESDA, MD 20817

OFFICER ☐  DIRECTOR ☐

NAME:

TITLE:

ADDRESS:

CITY/ST/ZIP:

---

Mark appropriate box unless area below is blank:
☐ Information is correct  ☐ Information is incorrect  ☐ Delete information

If information at lower left is incorrect or blank, please mark appropriate box and enter information below:  ☐ Correction ☐ Addition ☐ Replacement

OFFICER ☐  DIRECTOR ☐

NAME:

TITLE:

ADDRESS:

CITY/ST/ZIP:

OFFICER ☐  DIRECTOR ☐

NAME:

TITLE:

ADDRESS:

CITY/ST/ZIP:

---

Mark appropriate box unless area below is blank:
☐ Information is correct  ☐ Information is incorrect  ☐ Delete information

If information at lower left is incorrect or blank, please mark appropriate box and enter information below:  ☐ Correction ☐ Addition ☐ Replacement

OFFICER ☐  DIRECTOR ☐

NAME:

TITLE:

ADDRESS:

CITY/ST/ZIP:

OFFICER ☐  DIRECTOR ☐

NAME:

TITLE:

ADDRESS:

CITY/ST/ZIP:

---



AF00ZW Rev 1 01/04

+ 0100505 000001465 09SCC1



**DEFENSE LOGISTICS AGENCY**
DEFENSE LOGISTICS INFORMATION SERVICE
74 WASHINGTON AVENUE NORTH, SUITE 7
BATTLE CREEK, MICHIGAN 49017-3084

03/19/2004

IN REPLY
REFER TO

DATA MOUNTAIN SOLUTIONS, INC
Attn:  FREDERICK S HILL, JR
1831 BRETT COURT
ANNAPOLIS, MD  21401-6538


SUBJECT:  Trading Partner Profile (TPP) Request

    DUNS Number:  126786693

Enclosed, per your request, is a copy of your TPP from the Central
ContractorRegistration (CCR) database. The maintenance, accuracy, and
yearly renewal of your TPP is your responsibility.

The preferred method for updating or renewing your registration is via
the web at www.ccr.gov.  If you have no changes you still must renew
your registration to remain active, you can do so by clicking on the
"Update/Renew" button. If you do not have web access, you may request
updates/renewals by faxing the information along with your DUNS Number
and TPIN to 269-961-7243 or mail to:
                  Department of Defense
            Central Contractor Registration
              74 N. Washington Ave. Ste 7
              Battle Creek, MI 49017-3084

For questions or further assistance please call the CCR Assistance
Center at 888-227-2423 or 269-961-4725 for International calls
which is available 24 hours a day. You may also contact a Procurement
Technical Assistance Center (PTAC) at www.dla.mil/db or the Small
Business Adminstration (SBA) in your area for assistance.


Federal Recycling Program    Printed on Recycled Paper



**DEFENSE LOGISTICS AGENCY**
DEFENSE LOGISTICS INFORMATION SERVICE
74 WASHINGTON AVENUE NORTH, SUITE 7
BATTLE CREEK, MICHIGAN 49017-3084
03/19/2004
PARTNER PROFILE REQUEST

IN REPLY
REFER TO

**DATA MOUNTAIN SOLUTIONS, INC**
**Trading Partner Profile**

```
     Marketing Partner Identification number:  DMS021902
Duns:                     (M) 126786693
Duns+4:                   (O)
CAGE Code:                (O) 3RBB6
Tax ID (TIN)*:            (M) 753007995  or  SSN:
Legal Business Name:      (M) DATA MOUNTAIN SOLUTIONS, INC
Doing Business As:        (O) DATA MOUNTAIN SOLUTIONS
Street Address:           (M) 1116 SMITH STREET
Street 2nd Line:          (O)
City:                     (M) CHARLESTON
State:                    (M) WV
ZIP OR Postal Code        (M) 25301-1314
Country:                  (M) USA
Division Name:            (O)
Division Number:          (O)
Business Start Date:      (M) 02192002  (mmddccyy)
Acct Period Closes:       (M) 1231  (mmdd)
Number of Employees:      (M) 1
Annual Revenue:           (M) 260000
Vendor URL:               (O) http://www.datamtnsol.com
```
--------------------------------------------------
**Corporate Status:**    **(M)**  **(select only one)**
```
__Sole Proprietorship          __Tax Exempt
__Partnership                  __Federal, State, City Facility
__Other                        __Foreign Government
X_Corporation                  __International Organization
State: WV_ or Country: USA_
```
--------------------------------------------------
**Business Types  (M)  (Select at least one - Place an X in front of each)**
```
__Tribal Government       __Research Institute      __Sheltered Workshop
__Nonprofit Institute     __Hist Black College      __Foreign Supplier
__Educational Institute   __Municipality            __Emerging Business
__Construction Firm       X_Small Business          __8(A) Program
__Service Location        __Manufacturer            __Hub Zone
__SubGroup                __Labor Surplus Firm      __S Corporation
__Minority Owned          __Woman Owned             __Small Disadvantaged
__Veteran Owned           __American Indian         __Limited Liability
__Service Disabled Vet.
```
--------------------------------------------------
Note:  (M) = Mandatory,  (O) = Optional

**\*Authority:** 31 U.S.C. 7701 (c) (3)

**Principle Purpose(s):** The TIN may be used by the Government to collect and report on any
delinquent amounts arising out to the offeror's relationship with the Government.

**Disclosure:** Voluntary; however, failure to furnish will disallow registration as a Federal
contractor.

Federal Recycling Program    Printed on Recycled Paper



**DEFENSE LOGISTICS AGENCY**
DEFENSE LOGISTICS INFORMATION SERVICE
74 WASHINGTON AVENUE NORTH, SUITE 7
BATTLE CREEK, MICHIGAN 49017-3084
03/19/2004
PARTNER PROFILE REQUEST

IN REPLY
REFER TO

**DATA MOUNTAIN SOLUTIONS, INC**
**Application Requirements (continued)**
Goods and Services: (M), Standard Industrial Classification codes (SIC codes)
(Provide at) 7375____, _____, _____, _____, _____'
(least one)    _____, _____, _____, _____, _____.
--------------------------------------------------
Industrial Codes: (M), North American Industry Classification System (NAICS)
(Provide at) 541519, _____, _____, _____, _____'
(least one)   _____, _____, _____, _____, _____.
--------------------------------------------------
**NOTE: Only one EFT record is valid for each Trading Partner Profile.**
**Electronic Funds Transfer (EFT)**
     Financial Institute:   (M)UNITED BANK
     ABA Routing Number:    (M)056004445
     Account Number:        (M)042859222
     Type of Account:       (M)X_ Checking or __ Savings
     Lockbox Number:        (O)
     Auth Date:             (O)03162004
**Automatic Clearing House (ACH)   (M)(At least one must be filled in)**
     ACH Phone Number:7037792764
     ACH Int Phone:
     ACH Fax:7037797787
     ACH Email:uchhatre@unitedbank-va.com
--------------------------------------------------
**Accounts Receivable POC:  (M)FREDERICK S HILL, JR**
 (AT Least        Phone:(301)529-2039  Ext.
 one number   Int Phone:
 must be          Fax:4102240943
 entered)         Email:fred.hill@datamtnsol.com

--------------------------------------------------
Remittance Name: (M) DATA MOUNTAIN SOLUTIONS, INC
         Street: (M) C/O FREDERICK S HILL, JR
         Street: (O) 1831 BRETT COURT
           City: (M) ANNAPOLIS
          State: (M) MD
         Postal: (M) 214016538
        Country: (M) USA

--------------------------------------------------
**I hereby acknowledge that the information provided is current,**
**accurate, and complete as of the date of submission.**
 Registrant Name: (M) FREDERICK S HILL, JR
           Phone: (M) (410)224-0942  Ext.
Registration Date: (M) 02/19/2004   Reg. Email: (O) fred.hill@datamtnsol.com
       Receive By: (M) __Fax  __US-mail X_Email
  Alternative POC: (O) GREGG GIORDANO
            Phone: (O) (703)733-0490  Ext.
--------------------------------------------------



**DEFENSE LOGISTICS AGENCY**
DEFENSE LOGISTICS INFORMATION SERVICE
74 WASHINGTON AVENUE NORTH, SUITE 7
BATTLE CREEK, MICHIGAN 49017-3084

IN REPLY
REFER TO

02/21/2005

DATA MOUNTAIN SOLUTIONS, INC
Attn:  FREDERICK S HILL, JR
1831 BRETT COURT
ANNAPOLIS, MD  21401-6538

Duns # 126786693

SUBJECT:  Central Contractor Registration (CCR) Request for Trading
          Partner Identification Number (TPIN)

Your confidential TPIN Number is 61137356.
This TPIN is for: DATA MOUNTAIN SOLUTIONS, INC
                  DATA MOUNTAIN SOLUTIONS
                  1116 SMITH STREET
                  CHARLESTON, WV  25301-1314

*MPIN: DMS021902*
*(Signature to renew*
*CCR Reg - "IRS Const*
*web page) a passw*

The TPIN is required for subsequent changes and/or yearly renewal of *our CC*
your registration.  The maintenance and accuracy of your Trading       *site*
Partner Profile (TPP) is your responsibility.

The preferred method for updating a registration is via the web at
www.ccr.gov. You can do so by clicking on the "Update/Renew"
button.

If you do not have web access, you may make updates to your TPP and
fax it along with your TPIN to 269-961-7243, or mail to:
                  Department of Defense
                  Central Contractor Registration
                  74 Washington Ave N Ste 7
                  Battle Creek, MI  49017-3084

For questions or further assistance, please call the CCR Assistance
Center, which is available 24 hours a day, at 888-227-2423 or, for
international calls, 269-961-4725. You may also contact a Procure-
ment Technical Assistance Center (PTAC) at www.dla.mil/db or the
Small Business Administration (SBA) office in your area for
assistance.

*D+B (866) 705-5711*
*What's "IRS Consent" & why does it display "Invalid*
*page"? → "Page contains errors that must be*
*fixed before the reg. is valid."*

Federal Recycling Program    Printed on Recycled Paper





Decide with Confidence



| D-U-N-S Number Request > | Search >   Results >   Company Details >

# Company Details

Please review your company information.

**Modify This Information**

### Company Name

Legal Name        Data Mountain Solutions, Inc

Legal Structure

Tradestyle Name 1       Data Mountain Solutions

Tradestyle Name 2       Data Mountain

Tradestyle Name 3       DMS

### Organization Information

Phone Number of Business      304.340.7054

Executive Name          Frederick Hill Jr

Executive Title           Pres-CEO

Primary SIC code        73790000

Description of Operations     Information Technology-
Applications Integration and
Project Management

Socioeconomic Data

Number of Employees(includes
owners, partners, and/or officers)

Annual Sales or Revenue     900000

### Physical Address

Street                  1116 Smith Street

City                   Charleston

State/Region           WV

ZIP/Postal Code         25301

Country              UNITED STATES OF AMERICA

### Mailing Address

Street/ P.O. Box

City

State/Region

ZIP/Postal Code

Country

### Parent Organization

Name

Street

City

State/Region
ZIP/Postal Code
Country
**Notes**

**Modify This Information**

If you have technical difficulties, please contact govt@dnb.com

© Dun & Bradstreet Inc., 2005