## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                   )
DATA MOUNTAIN SOLUTIONS, INC., et al.,    )
                                                   )
        Plaintiffs,                              )
                                                   )
v.                                                 ) CA 06-1666 (PLF)
                                                   )
GREGG GIORDANO, et al.,                     )
                                                   )
        Defendants.                             )
_____

### DEFENDANT GREGG GIORDANO'S MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH

        Defendant Gregg Giordano, by counsel, pursuant to F.R.Civ.P. 26, 37, and 45, files this Motion for Protective Order and Motion to Quash.   Plaintiffs have served notices of deposition and subpoenas on defendants Giordano and Thomas, and a subpoena for documents on a third party.  This discovery is forbidden by the Federal Rules of Civil Procedure and is in direct disregard of the Court's previous ruling regarding expedited discovery.   A Memorandum of Points and Authorities is attached hereto.

        For the reasons stated therein, defendant asks that the Court quash all subpoenas and notices of depositions issued by plaintiffs, issue a protective order against this and any further attempts by plaintiffs to subvert the discovery rules, and award to defendant its attorneys' fees involved in having to make this motion submits the following objections to the subpoena served on him by plaintiffs:

## **CERTIFICATION OF GOOD FAITH CONFERENCE**

I CERTIFY pursuant to Local Rule 7(m) that I have conferred with opposing counsel before filing this Motion.

_____

David I. Bledsoe

Respectfully submitted,

By:  /s/ David Bledsoe
Bar Number 422596
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
Tel.:  703-379-9424
Fax:  703-684-1851

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 27, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing:

Philip J. McNutt, Esquire
Hughes and Bentzen, PLLC
1100 Connecticut Avenue
Suite 340
Washington DC  20036


John W. Thomas , Esquire
Luman, Lange, Thomas & McMullen
1660 L Street NW
Suite 3506
Washington DC  20036

And by first class mail to:

Anthony Watson
303-F Holden Green
Cambridge MA  02138

   /s/David I. Bledsoe                
David I. Bledsoe

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
DATA MOUNTAIN SOLUTIONS, INC., et al.,          )
                                                )
   Plaintiffs,                   )
                                                )
v.                                              ) CA 06-1666 (PLF)
                                                )
GREGG GIORDANO, et al.,                         )
                                                )
   Defendants.                    )
_____

## <u>DEFENDANT GREGG GIORDANO'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH</u>

  Defendant Gregg Giordano, by counsel, pursuant to F.R.Civ.P. 26, 37, and 45, files this Memorandum in Support of his Motion for Protective Order and Motion to Quash.

  1.  Plaintiffs have served notices of deposition and subpoenas on defendants Giordano and Thomas, and a subpoena for documents on a third party. The notices and subpoenas are attached as Exhibit A.

  2.  This discovery is forbidden by the Federal Rules of Civil Procedure. Under Rule 26(d), no party may conduct discovery until the parties have conferred and developed a discovery plan under Rule 26(f). . [1] This matter has just been filed, and no scheduling order is due, nor has any pretrial conference been set.

_____

  1.  [1] Moreover if discovery *were* permitted, plaintiffs cannot use Rule 45 subpoenas to avoid the requirements of Rule 34. Rule 34 governs production of documents from a party, and those procedures cannot be short-circuited by serving defective Rule 45 subpoenas on a defendant.

3.      Plaintiffs moved this Court at the temporary restraining order hearing on

September 29, 2006 for permission to commence expedited discovery.  Judge

Bates flatly denied the request.  Plaintiffs, ignoring this Court's express ruling,

have served their discovery anyway, brazenly flouting not only the Federal Rules

but Judge Bates' ruling as well.

4.      Finally, defendants have filed a motion to dismiss on the grounds that the

Court lacks subject matter jurisdiction and this matter must be referred to

arbitration.

5.      Undersigned counsel requested by letter and telephone, that in light of

these facts, that the plaintiffs withdraw these abusive and defective attempts at

discovery, *which the Court has already forbidden*.  Counsel for plaintiffs has

refused.

For the reasons stated herein, defendant asks that the Court quash all subpoenas

and notices of depositions issued by plaintiffs, issue a protective order against this

attempt, and any further attempts by plaintiffs to subvert the discovery rules, and award

to defendant the attorneys' fees involved in having to make this Motion.


Respectfully submitted,


By:  /s/ David Bledsoe
Bar Number 422596
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
Tel.:  703-379-9424
Fax:  703-684-1851

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on October 27, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing:

Philip J. McNutt, Esquire
Hughes and Bentzen, PLLC
1100 Connecticut Avenue
Suite 340
Washington DC  20036

John W. Thomas , Esquire
Luman, Lange, Thomas & McMullen
1660 L Street NW
Suite 3506
Washington DC  20036

And by first class mail to:

Anthony Watson
303-F Holden Green
Cambridge MA  02138

__/s/David I. Bledsoe_____
David I. Bledsoe

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC.
et al

**V.**

GREGG GIORDANO, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:1 : 06 CV 01666-PLF

To: John W. Thomas

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached

| PLACE Hughes & Bentzen, PLLC,1100 Connecticut Ave. NW, Ste. 340, Washington, DC 20036 | DATE AND TIME 10/30/06 2:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Philip J. McNutt, atty for Plaintiffs* | DATE 10/18/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER       202-293-8975
Philip J. McNutt, 1100 Connecticut Ave., NW, Wash., DC 20036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

recording, by tape recorder, or by any other means, interoffice communications, microfilm, computer disks or diskettes, e-mails, lists, bulletins, calendars, circulars, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, summaries, monthly and annual bank and credit statements, reports, receipts, analyses, teletype messages, work sheets, and all other graphic materials, writings, and instruments, however produced or reproduced. Said definition shall include, inter alia, recordings, transcripts, video tapes, and/or summaries of oral communications, telephonic or otherwise.

B.      "All documents" shall mean each and every document within a stated category.

C.   "Thomas" or "you" shall mean defendant John W. Thomas, any and all of his agents, affiliates, subsidiaries, and all other entities and/or persons acting in concert with defendant John W. Thomas, and any predecessors and/or successors in interest of any of the foregoing.

D.      "DMS" or "the Corporation" shall mean plaintiff Data Mountain Solutions, Inc., any subsidiaries and/or affiliates of DMS, and any predecessors and/or successors in interest of any of the foregoing.

E.      The singular shall include the plural and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive or disjunctive; the word "all" means "any and all".

F.      These requests call for all documents within your possession or control, including documents located on premises other than your own. If a document within a stated category is known by you to exist, but is not in your control, identify the document, indicate when and how it was disposed of, and identify the present custodian and location

-2-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC.
et al
         **V.**
GREGG GIORDANO, et al

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:1: 06 CV 01666-PLF

To: Gregg Giordano

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached

| PLACE Hughes & Bentzen, PLLC, 1100 Connecticut Ave NW, Suite 340, Washington, DC 20036 | DATE AND TIME 10/30/06 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* atty for Plaintiff | DATE 10/18/06 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Philip J. McNutt, 1100 Connecticut Ave., NW, Wash., DC 20036 | 202-293-8975 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DATA MOUNTAIN SOLUTIONS, INC., *et al.*          )
                                                 )
     Plaintiffs,                                )
                                                 )
v.                                               )    Civil Action No. 1:06CV01666-PLF
                                                 )    Next Event: Hearing Set for
GREGG GIORDANO, *et al.*                          )    November 3, 2006 on
                                                 )    Plaintiff's Motion for
     Defendants.                                )    Preliminary Injunction
                                                 )
_____          )

### PLAINTIFFS' FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT GREGG GIORDANO

     Plaintiffs, Data Mountain Solutions, Inc. ("DMS"), Derek McUmber

("McUmber"), and Frederick Hill ("Hill"), by their undersigned attorneys, pursuant to the

attached subpoena <u>duces</u> <u>tecum</u> and Fed. R. Civ. P. 45, hereby request that the following

documents be produced for inspection and copying by Defendant Gregg Giordano, at the

offices of Hughes & Bentzen, PLLC, 1100 Connecticut Avenue, N.W., Suite 340,

Washington, D.C. 20036, on Monday, October 30, 2006, at 9:00 a.m.

     The following instructions are to be followed in connection with this Request for

Production of Documents:

### INSTRUCTIONS

     A.    "Document" or "Documents" shall mean, unless otherwise indicated, the

original or copies of any written, typed, printed, photocopied, electronically transmitted,

or tape-recorded matter of any kind in your possession or known by you to exist,

including, without any intended limitation, all letters, telegrams, memoranda, tabulations,

charts, drafts, records, transcriptions by a mechanical device, by longhand or shorthand

-1-

recording, by tape recorder, or by any other means, interoffice communications, microfilm, computer disks or diskettes, e-mails, lists, bulletins, calendars, circulars, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, pamphlets, studies, notices, summaries, monthly and annual bank and credit statements, reports, receipts, analyses, teletype messages, work sheets, and all other graphic materials, writings, and instruments, however produced or reproduced. Said definition shall include, inter alia, recordings, transcripts, video tapes, and/or summaries of oral communications, telephonic or otherwise.

B. "All documents" shall mean each and every document within a stated category.

C. "Giordano" or "you" shall mean defendant Gregg Giordano, any and all of his agents, affiliates, subsidiaries, and all other entities and/or persons acting in concert with defendant Gregg Giordano, and any predecessors and/or successors in interest of any of the foregoing.

D. "DMS" or "the Corporation" shall mean plaintiff Data Mountain Soluctions, Inc., any subsidiaries and/or affiliates of DMS, and any predecessors and/or successors in interest of any of the foregoing.

E. The "Complaint" refers to the Complaint filed by the plaintiffs herein on or about September 28, 2006.

F.     The singular shall include the plural and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive or disjunctive; the word "all" means "any and all".

G.     These requests call for all documents within your possession or control, including documents located on premises other than your own. If a document within a stated category is known by you to exist, but is not in your control, identify the document,

indicate when and how it was disposed of, and identify the present custodian and location of the document.

H.    If any document called for by these requests is withheld under a claim of privilege, furnish a list identifying each document for which the privilege is claimed, including the following information: date, author, custodian, the person to whom such document was addressed, if any, the subject matter of the document, and the basis on which the privilege is claimed.

I.    If any document within a stated category has been destroyed, identify the last custodian of the document, the person to whom said document was addressed, if any, the reason for this destruction, and a description of its contents.

J.    This Request for Production of Documents is ongoing and, therefore, if your response changes prior to trial you are obligated to so notify Hughes & Bentzen, PLLC in accordance with the other instructions contained herein.

## DOCUMENTS REQUESTED

The following documents are to be produced for inspection and copying, and are to be used for all purposes permitted under the Federal Rules of Civil Procedure, which documents either are identified as, pertain to, relate to, support, concern, and/or contain information about, any of the following:

1.    The shares of stock in the Corporation, and of any other corporations controlling or controlled by DMS.

2.    The shares of the Corporation's stock, and of any corporation controlling or controlled by DMS, that are owned, possessed, and/or controlled by Giordano.

- 3 -

3.  All stockholders and/or shareholders agreements, contracts and the like, executed or otherwise agreed to by Giordano, concerning the Corporation and/or any corporation controlling or controlled by DMS, and any amendments and/or modifications thereto.

4.  The issuance to and payment by Giordano for all of the outstanding shares of the Corporation's stock that are owned, possessed, and/or controlled by Giordano.

5.  The issuance to and payment by Giordano for all of the outstanding shares of the stock of any corporations that are affiliated and/or associated with, and/or are controlling of or controlled by, the Corporation.

6.  Partnership agreements, agreements between promoters, and/or any and all other agreements and/or documents related to the inception, commencement, incorporation and/or establishment of DMS.

7.  Any contributions and/or capital investment made to DMS by Giordano.

8.  Any contributions and/or capital investment made to DMS by any of DMS' other directors, officers, shareholders, agents or employees.

9.  Any contributions by Giordano to the Corporation related to the Corporation and/or to any corporation controlling or controlled by DMS.

10.  Any loans to DMS, whether such loan was actually made or not, from any bank, savings and loan association, financial institution, corporation or individual.

11.  Any loans to Giordano and/or to any of the defendants, related to the Corporation and/or to any corporation controlling or controlled by DMS, whether actually or not actually made, from any corporation, bank, savings and loan association, financial institution, or individual.

12. Any loans or advances made by the Corporation and/or by any corporation controlling or controlled by DMS, to Giordano and/or to any of their directors, officers, shareholders, agents or employees.

13. Any loans or advances made to the Corporation and/or to any corporation controlling or controlled by DMS, from Giordano and/or from any of their directors, officers, shareholders, agents or employees.

14. Any loans or advances made by Giordano to any of the directors, officers, shareholders, agents or employees of the Corporation and/or of any corporation controlling or controlled by DMS.

15.    All commissions, salaries, bonuses, and any other remuneration, monies and the like paid by the Corporation, and/or by any corporation controlling or controlled by DMS, to Giordano for the period beginning July 2003 through the present.

16. All contracts or agreements made and/or executed by the Corporation, and/or by any corporation controlling or controlled by DMS, and/or by any individual controlling any or all of the foregoing corporations, concerning the payment of any contract proceeds, salaries, bonuses, fees, claims and/or any other remuneration, restitution, and/or monies to any individuals, agents, attorneys, accountants, employees, partners, trustees, co-brokers, venturers, claimants, creditors, corporations and any other juridical entities, for the period beginning July 2003 through the present, specifically including (but not limited to) any contract, subcontract, or other agreement with Native Technologies, Inc. ("NTI")

17. All payments of any contract proceeds, bonuses, salaries, commissions, remuneration, restitution, and/or of any other monies, to the Corporation and/or to any

corporation controlling or controlled by DMS and/or to any directors, officers, shareholders, agents or employees of any of the foregoing corporations, from any persons, individuals, agents, employees, partners, trustees, co-brokers, venturers, contract debtors, corporations and any other juridical entities, for the period beginning July 2003 through the present, specifically including (but not limited to) any payments of monies, contract proceeds, bonuses, salaries, commissions, restitution, and/or any other remuneration paid on account of or otherwise relating to any contract, subcontract, or other agreement with NTI.

18. All business, travel, lodging, entertainment, and like expenses incurred by and/or signed for and/or approved by Giordano, and paid by DMS and/or by any corporation controlling or controlled by DMS, for the period beginning July 2003 through the present.

19. All expenses and/or payments for and/or upon motor vehicles, vacations, and other benefits, gifts, and any other expenses or disbursements of, incurred by and/or signed for and/or approved by Giordano, and paid by the Corporation, and/or by any corporation controlling or controlled by DMS, for the period beginning July 2003 through the present.

20. All contracts or agreements concerning the payment by the Corporation, and/or by any corporation controlling or controlled by DMS, of any salaries, commissions, claims and/or any other remuneration, restitution, and/or monies to Giordano, for the period beginning July 2003 through the present.

21. All payments to Giordano of any bonuses, commissions, contract proceeds, salaries, remuneration, restitution, and/or of any other monies, by the Corporation and/or

-6-

by any corporation controlling or controlled by DMS and/or by any persons, individuals,

agents, employees, partners, trustees, co-brokers, venturers, contract debtors, corporations

and any other juridical entities, for the period beginning July 2003 through the present,

specifically including (but not limited to) any payments of monies, contract proceeds,

bonuses, salaries, commissions, restitution, and/or any other remuneration paid to

Giordano on account of or otherwise relating to any contract, subcontract, or other

agreement with NTI.

22. All contracts or agreements executed by or binding upon DMS and/or any

corporation controlling or controlled by DMS, concerning the payment to Giordano of

any salaries, commissions, remuneration and/or monies and the like, from any

individuals, agents, employees, partners, trustees, co-brokers, venturers, creditors,

corporations and any other juridical entities, for the period beginning July 2003 through

the present.

23.    Any and all filings with any federal and/or state government agencies,

departments, and/or such other authorities, in any manner related to salaries, contract

proceeds, commissions, bonuses, salaries and/or other monies and income of Giordano

from the Corporation and/or from any corporation controlling or controlled by DMS, and

from any individuals, agents, employees, partners, trustees, co-brokers, venturers,

creditors, corporations and any other juridical entities, for the period beginning July 2003

through the present, including all filings with the United States Internal Revenue Service

("IRS") and any and all returns filed therewith and attachments thereto such as IRS Forms

1040, W-2, and 1099, for the period beginning July 2003 through and including the

present.

-7-

24.    Any proposed sale of any of your stock in the Corporation, and/or of any corporation controlling or controlled by DMS, including all documents conveyed to the prospective purchasers thereof.

25.    Any sale, transfer, assignment, liquidation, or other disposition of your stock in DMS, and/or of any corporation controlling or controlled by the Corporation.

26.    Any proposed sale of any of the stock and/or assets of DMS, and/or of any corporation controlling or controlled by DMS, including the identity of, and all documents conveyed to, the prospective purchasers thereof.

27.    Any sale, transfer, assignment, liquidation, or other disposition of the stock and/or of any interests in the stock of DMS and/or the stock of any corporation controlling or controlled by DMS.

28.    Any changes in the identities of, withdrawal of, and/or cessation of employment with the Corporation of any of the stockholders and/or shareholders to any stockholders and/or shareholders agreements (and contracts and the like), between any of the stockholders and/or shareholders of DMS and/or of any corporation controlling or controlled by DMS.

29.    Any sale, transfer, assignment, liquidation, or other disposition of the assets of the Corporation (DMS), and/or of any corporation controlling or controlled by DMS, for the period beginning July 2003 through the present.

30.    Any and all other documents and things, not otherwise produced, concerning the assets, properties, income, receipts, liabilities, expenses, salaries, disbursements and expenditures of DMS, and/or of any corporation controlling or controlled by DMS, including all the books, accounts, ledgers, and statements prepared and/or maintained by

-8-

and/or for the Corporation and/or any corporation controlling or controlled by DMS, for the period beginning July 2003 through the present.

31. Any and all other documents and things, not otherwise produced, in any manner related to salaries, contract proceeds, bonuses, commissions, and/or other monies and income of Giordano from the Corporation and/or from any corporation controlling or controlled by the Corporation, and from any individuals, agents, employees, partners, trustees, co-brokers, venturers, contract obligers, corporations and any other juridical entities, including all books, accounts, ledgers, and statements prepared and/or maintained by and/or for Giordano, for the period beginning July 2003 through the present.

32. All documents related to any and all efforts made by you, and the results of such efforts, to raise funds for and/or to recruit investors and/or investments in DMS, including any documents detailing any such funds raised or investments made.

33. All documents related to any and all efforts made by any other officers, directors, employees, and/or shareholders of DMS, and the results of such efforts, to raise funds and/or to recruit investors and/or investments in DMS, including any documents detailing any such funds raised or investment made.

34. All documents which describe, set forth, or otherwise relate to compensation, perquisites, and any other valuable consideration that you have received, and/or shall receive, resulting from your officership, directorship, and/or employment positions with DMS.

35. All documents in your possession related to accounts maintained by DMS with any bank, savings and loan association, or other financial institution, for the period beginning with DMS' incorporation through the present.

-9-

36. Any and all other documents which are relevant to and/or supportive of any defenses and/or counterclaims you may have to the claims asserted in the Complaint.

37. Any and all documents which you may and/or will seek to introduce into evidence at the Hearing on the Plaintiffs' Motion for Preliminary Injunction.

38. Any and all documents which you may and/or will use at the Hearing on the Plaintiffs' Motion for Preliminary Injunction, including any and all documents which you may and/or will use thereat in connection with any examination of witnesses.

Dated: _October 18_ , 2006                    HUGHES & BENTZEN, PLLC


                                          By: _Philip J. McNutt_
                                          Philip J. McNutt
                                          Federal Bar No. MD08555
                                          DC Bar No. 491258
                                          1100 Connecticut Avenue, NW
                                          Suite 340
                                          Washington, D.C. 20036
                                          Tel: (202) 293-8975
                                          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _19th_ day of _October_ , 2006, a copy of the foregoing Plaintiff's First Request for Production of Documents to Defendant Gregg Giordano was served by hand-delivery to each of the following:

> John W. Thomas
> Luman, Lange, Thomas & McMullen
> 1660 L Street, NW
> Suite 506
> Washington, DC 20036

> and

> David L. Bledsoe, Esquire
> 300 North Washington Street
> Alexandria, VA 22314

and by overnight hand-delivery (Federal Express) to:

> Anthony Watson
> 303-F Holden Green
> Cambridge, MA 02138

_Philip J. McNutt_
Philip J. McNutt

-11-

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC.,
  et al

**V.**

GREGG GIORDANO, et al

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:1 : 06 CV 01666-PLF

To: NATIVE TECHNOLOGIES, INC.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Hughes & Bentzen, PLLC, 1100 Connecticut Ave., NW, Washington, DC 20036, Ste 340 | DATE AND TIME 10/30/06 2:00 p.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached

| PLACE Hughes & Bentzen, PLLC, 1100 Connecticut Ave NW, Washington, DC 20036, Ste. 340 | DATE AND TIME 10/30/06 1:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Philip J. McNutt* Attorney for Plaintiffs | DATE 10/20/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER    Philip J. McNutt    202-293-8975
Hughes & Bentzen, PLLC, 1100 Connecticut Ave., NW, Wash., DC 20036

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

ı If action is pending in district other than district of issuance, state district under case number.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC., *et al.*    )
                                             )
      Plaintiffs,                      )
                                             )
v.                                         )    Civil Action No. 1:06CV01666-PLF
                                             )
GREGG GIORDANO, *et al.*          )
                                             )
      Defendants.                 )
                                             )
                                             )

## NOTICE OF DEPOSITION

NOTICE IS HEREBY GIVEN that the Plaintiffs, Data Mountain Solutions, Inc., Derek McUmber, and Frederick Hill, by their attorneys, Hughes & Bentzen, PLLC, pursuant to, <u>inter alia</u>, Fed. R. Civ. P. 30(b)(6), will take the deposition of the below-named party pursuant to and for all purposes permitted by Fed. R. Civ. P. 26, 30, 32, and all other applicable Federal Rules of Civil Procedure, by stenographic means before a Notary Public or some other person duly authorized by law to administer an oath:

NATIVE TECHNOLOGIES, INC.
12747 Kinship Drive
Herndon, VA 20171

Said deposition shall commence on Tuesday, October 30, 2006, at 2:00 p.m., at the law offices of Hughes & Bentzen, PLLC, 1100 Connecticut Avenue, N.W., Suite 340, Washington, DC 20036, and shall continue thereafter until completed in accordance with Fed. R. Civ. P. 30(d) and 26(b).

In accordance with Fed. R. Civ. P. 30(b)(6) the deponent is required to provide one or more persons familiar with the following areas of inquiry:

1. The federal government contract awarded to Native Technologies, Inc. ("NTI")

by the General Services Administration ("GSA"), of which DMS is a subcontractor,

including any renewals, modifications, terminations or other changes to the contract; and

2. All distributions from the proceeds of the contract made to, or on behalf of NTI,

or any subcontractor or consultant, independent contractor or agent of NTI; and

3. All communications with DMS personnel, including, specifically, Gregg

Giordano; and

4. All communications regarding the contract referred to above or any of its

proceeds.

Dated: October 20, 2006                    HUGHES & BENTZEN, PLLC


By: _____
Philip J. McNutt
Federal Bar No. MD08555
DC Bar No. 491258
1100 Connecticut Avenue, NW
Suite 340
Washington, D.C. 20036
Tel: (202) 293-8975
Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October, 2006, a copy of the
foregoing Notice of Deposition (of Native Technologies, Inc.) was served by hand-
delivery to each of the following:

John W. Thomas
Luman, Lange, Thomas & McMullen
1660 L Street, NW
Suite 506
Washington, DC 20036

and

David L. Bledsoe, Esquire
300 North Washington Street
Alexandria, VA 22314

and by first class mail, postage prepaid, to:

Anthony Watson
303-F Holden Green
Cambridge, MA 02138

_Philip J. McNutt_

Philip J. McNutt

## DOCUMENTS TO BE PRODUCED

The Deponent shall produce, on or before the date and time of its deposition, all documents in its possession, or in its custody or within its control, including all writings, recordings, electronically maintained or delivered messages, or other documents, of whatsoever nature related to the following:

1. The federal government contract awarded to NativeTechnologies, Inc. ("NTI") by the General Services Administration ("GSA"), of which DMS (or its officers, agents, or employees) is a subcontractor or receives proceeds therefrom, including any renewals, modifications, terminations or other changes to such contract; and

2. All distributions from the proceeds of the contract referred to above; and

3. All communications with DMS personnel, including, specifically, Gregg Giordano; and

4. All communications regarding the contract referred to above or any of its proceeds; and

5. Any and all contracts, subcontracts, agreements, and the like between NTI, on the one hand, and DMS and/or any of DMS' officers, agents, or employees (including, specifically, Gregg Giordano), on the other hand, and all distributions, payments, and the like made on account of such subcontracts, contracts, and/or agreements.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DATA MOUNTAIN SOLUTIONS, INC., *et al.*     )
                                            )
    Plaintiffs,                             )
                                            )
v.                                          )    Civil Action No. 1:06CV01666-PLF
                                            )    Next Event: Hearing Set for
GREGG GIORDANO, *et al.*                     )    November 3, 2006 on
                                            )    Plaintiff's Motion for
    Defendants.                             )    Preliminary Injunction
                                            )
_____ )

## NOTICE OF DEPOSITION

NOTICE IS HEREBY GIVEN that the Plaintiffs, Data Mountain Solutions, Inc.,

Derek McUmber, and Frederick Hill, by their attorneys, Hughes & Bentzen, PLLC,

pursuant to, <u>inter alia</u>, Fed. R. Civ. P. 30(b), will take the deposition of the below-named

party pursuant to and for all purposes permitted by Fed. R. Civ. P. 26, 30, 32, and all

other applicable Federal Rules of Civil Procedure, by stenographic means before a Notary

Public or some other person duly authorized by law to administer an oath:

                    GREGG GIORDANO (Defendant)
                    c/o David L. Bledsoe, Esquire
                    300 North Washington Street
                    Alexandria, VA 22314

Said deposition shall commence on Tuesday, October 31, 2006,  at 9:00 a.m., at

the law offices of Hughes & Bentzen, PLLC, 1100 Connecticut Avenue, N.W., Suite 340,

Washington, DC  20036, and shall continue thereafter until completed in accordance with

Fed. R. Civ. P. 30(d) and 26(b).

Dated: *October 19*, 2006               HUGHES & BENTZEN, PLLC

-1-

By: _[signature]_

Philip J. McNutt
Federal Bar No. MD08555
DC Bar No. 491258
1100 Connecticut Avenue, NW
Suite 340
Washington, D.C.  20036
Tel: (202) 293-8975
<u>Attorneys for Plaintiffs</u>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _19th_ day of _October_, 2006, a copy of the foregoing Notice of Deposition (of defendant Gregg Giordano) was served by hand-delivery to each of the following:

John W. Thomas
Luman, Lange, Thomas & McMullen
1660 L Street, NW
Suite 506
Washington, DC 20036

and

David L. Bledsoe, Esquire
300 North Washington Street
Alexandria, VA 22314

and by overnight hand-delivery (Federal Express) to:

Anthony Watson
303-F Holden Green
Cambridge, MA 02138

_[signature]_

Philip J. McNutt

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC., *et al.*    )
                                           )
    Plaintiffs,          )
                                           )
v.                                         )   Civil Action No. 1:06CV01666-PLF
                                           )   Next Event: Hearing Set for
GREGG GIORDANO, *et al.*                    )   November 3, 2006 on
                                           )   Plaintiff's Motion for
    Defendants.          )   Preliminary Injunction
                                           )
_____    )

### <u>NOTICE OF DEPOSITION</u>

NOTICE IS HEREBY GIVEN that the Plaintiffs, Data Mountain Solutions, Inc.,

Derek McUmber, and Frederick Hill, by their attorneys, Hughes & Bentzen, PLLC,

pursuant to, <u>inter alia</u>, Fed. R. Civ. P. 30(b), will take the deposition of the below-named

party pursuant to and for all purposes permitted by Fed. R. Civ. P. 26, 30, 32, and all

other applicable Federal Rules of Civil Procedure, by stenographic means before a Notary

Public or some other person duly authorized by law to administer an oath:

                JOHN W. THOMAS (Defendant)
                1660 L Street, NW
                Suite 506
                Washington, DC 20036

Said deposition shall commence on Tuesday, October 31, 2006, at 3:00 p.m., at

the law offices of Hughes & Bentzen, PLLC, 1100 Connecticut Avenue, N.W., Suite 340,

Washington, DC 20036, and shall continue thereafter until completed in accordance with

Fed. R. Civ. P. 30(d) and 26(b).

Dated: October 19, 2006                HUGHES & BENTZEN, PLLC

By: _Philip J. McNutt_

Philip J. McNutt
Federal Bar No. MD08555
DC Bar No. 491258
1100 Connecticut Avenue, NW
Suite 340
Washington, D.C. 20036
Tel: (202) 293-8975
<u>Attorneys for Plaintiffs</u>


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _19th_ day of _October_ , 2006, a copy of the foregoing Notice of Deposition (of defendant John W. Thomas) was served by hand-delivery to each of the following:

John W. Thomas
Luman, Lange, Thomas & McMullen
1660 L Street, NW
Suite 506
Washington, DC 20036

and

David L. Bledsoe, Esquire
300 North Washington Street
Alexandria, VA 22314

and by overnight hand-delivery (Federal Express) to:

Anthony Watson
303-F Holden Green
Cambridge, MA 02138


_Philip J. McNutt_
Philip J. McNutt

-2-

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
DATA MOUNTAIN SOLUTIONS, INC., et al.,          )
                                                )
            Plaintiffs,                         )
                                                )
v.                                              ) CA 06-1666 (PLF)
                                                )
GREGG GIORDANO, et al.,                         )
                                                )
            Defendants.                         )
_____)


**[PROPOSED] ORDER**

THIS MATTER HAVING COME BEFORE THE COURT upon the Motion of

Defendant Gregg Giordano to Quash Subpoenas and for a Protective Order, and it

appearing to the Court that the motion is well founded, in that this Court has previously

denied plaintiffs' motion to take expedited discovery, and the parties are prohibited by

F.R.Civ. P. 26(d) from taking discovery at this time, it is hereby

ORDERED that all subpoenas and notices of deposition issued by plaintiffs,

including those issued to defendant Giordano, defendant John Thomas, and any third

parties, are hereby quashed; and it is further

ORDERED that plaintiffs are barred from taking any further discovery in this

case unless and until this Court approves the parties' discovery plan, if any; and it is

further

ORDERED that plaintiffs' counsel shall pay defendant's attorneys' fees involved

in bringing this Motion in the amount of $ _____.

Ordered this _____ day of _____, 2006.


_____
Judge Paul L. Friedman
United States District Judge