IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DATA MOUNTAIN SOLUTIONS, INC., et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GREGG GIORDANO, et al., )<br>)<br>Defendants. )<br>_____) | Civil No 1:06CV01666<br>Judge Paul L. Friedman |

## DEFENDANT THOMAS'S OBJECTION TO NOTICE OF DEPOSITION AND SUBPOENA AND MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Comes now defendant John W. Thomas (Thomas) and notes his objection to the notice of deposition of Thomas and the subpoena for documents or objects served on Thomas, moves the Court to quash the subpoena and to enter a protective order continuing the deposition until a mutually agreeable date and time after the parties' Rule 26(f) conference, and in support thereof states as follows:

1.  Plaintiffs Hill and McUmber, two of the four principals in Data Mountain Solutions, Inc. (DMS), seek injunctive relief and monetary damages against the other two principal shareholders, Giordano and Watson. Apparently, Defendant Thomas is a party to this litigation because his law firm, Luman, Lange, Thomas & McMullen, LLP (LLTM), and its predecessor, Luman, Lange & Wheeler (LLW), served as counsel for DMS from its inception in 2002. Thomas has no direct financial interest in DMS; Thomas is partner in LLTM which has been paid and is owed legal fees for legal services rendered. In the past, pursuant to an Agreement with DMS, some legal fees for services rendered were paid to the firm in the form of shares of stock. LLTM is also custodian of many of the corporate records of DMS.

2.      Plaintiffs left a copy of the notice of deposition at Thomas's office on or about October 19, 2006, when Thomas was out of town.  Plaintiffs served the subpoena for documents by process server on October 23, 2006.  Plaintiffs made no attempt to contact Thomas to schedule discovery before serving the papers.

3.      Plaintiffs are ignoring normal scheduling and procedure rules with the service of the notice of deposition and subpoena for documents at this time.  A brief review of the status of this case demonstrates that the plaintiffs' discovery efforts at this time are a violation of the Federal Rules of Civil Procedure.

4.      Defendant Thomas was served with the complaint on September 29, 2006.

5.      At a conference call hearing on September 29, 2006, Judge Bates denied the plaintiffs' motion for a temporary restraining order and set a schedule for the defendants' objections and the plaintiffs' response to the motion for preliminary injunction.  The plaintiffs also sought an expedited discovery schedule during the hearing, but Judge Bates refused to do so.

6.      Judge Bates issued a written order setting out the filing schedule for the preliminary injunction motion, and, subsequently, a hearing on the motion and opposition was scheduled for November 3, 2006.

7.      There is also pending before the Court a motion to dismiss or to refer the case to arbitration, which has not been set for hearing.

8.      Given the current status of this case,  plaintiffs' effort to take discovery is premature.  The plaintiffs' actions violate the discovery procedures set forth in the Federal Rules of Civil Procedure (:FRCP"), in the following manner:

9. FRCP Rule 26(d) states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). No Rule 26(f) conference has been scheduled or held.

10. FRCP Rule 30(a)(1) states that a party may not depose any person, including a party, without leave of court, before the time specified in Rule 26(d), i.e., before the Rule 26(f) conference.

11. Rule 34(b) provides that, without leave of court or written stipulation, a request for documents may not be served before the time specified in Rule 26(d), i.e., before the Rule 26(f) conference.

12. The Plaintiffs' subpoena and notice of deposition put an undue burden on Defendant Thomas for two reasons.

  A. Thomas and LLTM provided all the documents in their possession related to DMS to each Plaintiff and each Defendant in August, so this Subpoena is duplicative. This was done to comply with a demand from those parties who are the Plaintiffs, but the documents were provided to other principal shareholders of DMS to avoid the appearance of any impropriety or bias towards any particular shareholder/party.

  B. In advance of the ruling on the motion for preliminary injunction and the motion to dismiss, it is an unproductive use of Thomas's time to prepare for and participate in a deposition.

13. Thomas objects to the plaintiffs taking discovery of him at this time. Thomas does not argue that a protective order should preclude his deposition forever if he or his law firm are required to continue as a party in this proceeding.

4

WHEREFORE, pursuant to Rules 26(c), 30(a)(2), and 34(b), defendant Thomas moves for a protective order continuing Thomas's deposition currently noticed for 3:00 pm on October 31, 2006, and quashing the plaintiffs' subpoena for documents and objects for return at 2:00 pm on October 30, 2006.

| | |
|---|---|
| October 27, 2006 | /s/ John W. Thomas |
| _____ | _____ |
| Date | John W. Thomas, pro se |
| | 1660 L Street, NW, Suite 506 |
| | Washington, D.C. 20036 |
| | Tel: (202) 463-1260 |
| | Fax: (202) 463-6328 |

CERTIFICATE UNDER LCvR 7(m)

I hereby certify that I contacted Philip J. McNutt, counsel for plaintiffs, by fax on October 26, 2006, in a good faith attempt to resolve these disputes without court action, and as of 4:00 on October 27, 2006, he has failed to respond.

/s/ John W. Thomas

_____

John W. Thomas

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, a copy of the foregoing Answer was served on the following persons by First Class Mail and e-mail.

>David I. Bledsoe, Esq.
>300 North Washington Street, 7th Floor
>Alexandria, Virginia 22314
>
>Philip J. McNutt, Esq.
>Hughes & Bentzen, PLLC
>1100 Connecticut Avenue, N.W., Suite 340
>Washington, D.C. 20036
>
>Anthony Watson
>303-F Holden Green
>Cambridge, Massachusetts 02138

/s/ John W. Thomas
_____
John W. Thomas

N THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC., et al().  )
                                          )
    Plaintiffs,                           )
                                          )
v.                                        )    Civil No 1:06CV01666
                                          )    Judge Paul L. Friedman
GREGG GIORDANO, et al.,                   )
                                          )
    Defendants.                           )
_____)

ORDER

This matter is before the Court on defendant Thomas's motion for protective order to continue plaintiffs' deposition of Thomas and motion to quash a subpoena of documents.

Plaintiffs' discovery demands, which were served on Thomas on or about October 19 and October 23, 2006, set a date for document production of October 30, 2006, and a date for deposition of October 31, 2006, which dates are before the hearing on the plaintiffs' motion for preliminary injunction, scheduled for November 3, 2006, before a hearing has been scheduled on a motion to dismiss also before the Court, and before the Rule 26(f) conference has been scheduled.

The plaintiffs' discovery requests are contrary to the Federal Rules of Civil Procedure, and they are unreasonable and unduly burdensome for Thomas at this time.

Upon consideration of defendant Thomas's motion to quash, the responses of the parties, and the entire record in this case, it is hereby

ORDERED that plaintiffs' notice of deposition of Thomas on October 31, 2006, is continued, with leave to re-note the deposition at the appropriate time if the case has not been resolved; and it is

2

      ORDERED that plaintiffs' subpoena of documents served on Thomas for return on October 30, 2006, is quashed, with leave to make an appropriate request for production at the appropriate time if the case has not been resolved.

      SO ORDERED.

_____
United States District Judge

DATE: _____