IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DATA MOUNTAIN SOLUTIONS, INC.,                    :
et al
                                                  :
                        Plaintiffs
                                                  :
          v.                                          1:06-CV-01666-PLF
                                                  :
GREGG GIORDANO, et al
                                                  :
                        Defendants
                                                  :

---

**PLAINTIFFS' SUR REPLY**
**TO THE DEFENDANT GREGG GIORDANO'S REPLY MEMORANDUM**

COME NOW, the Plaintiffs, Data Mountain Solutions, Inc. ("DMS" or "the

Corporation"), Derek McUmber ("McUmber") and Frederick Hill ("Hill"), by and through their

counsel, and, submit this Sur Reply to the Defendant Gregg Giordano's Reply Memorandum in

Support of his Motion to Dismiss:

As support for his contention that the Corporation's Principal Place of Business is in

Virginia, the Defendant, Giordano, submits an affidavit from a former employee who was

terminated in the Spring, 2006. *See*, Affidavit of Kathleen Bowman, attached to Giordano's

Reply Memorandum ("Bowman Affidavit"), ¶ 4.  Giordano also produces another self serving

affidavit along with several documents which he claims show that the corporation's principal

place of business is in Virginia.  Unfortunately, the allegations contained in the Defendant's

Reply Memorandum are borne of the same deception and obfuscation which has characterized all

of his responses to date while he continues to steal corporate assets and resources, blatantly and

without regard to this Court's previous Orders entered in this matter.

To prevail on a motion to dismiss for lack of jurisdiction, a plaintiff must make a *prima facie* case showing pertinent jurisdictional facts. ***Edmond v. United States Postal Service General Counsel***, 949 F.2d 415, 424 (D.C. Cir. 1991) quoted in ***United States of America v. Philip Morris, Inc.***, 116 F.Supp.2d 116, 121 (D.D.C. 2000). The Plaintiffs have done so in their Opposition to the Defendant's Motion to Dismiss and will not repeat those facts here. The Plaintiffs emphasize that such jurisdictional facts are based upon credible, admissible facts and documents which support their assertion that jurisdiction exists. By contrast, the Defendant makes only conclusory assertions supported by inadmissible and self serving documents. For example, attached to Giordano's reply are two contract proposals, **each unsigned**, in which Giordano inserted his home address (2403 Dakota Lakes Drive, Herndon, Virginia) as the "address" of the corporation. Even Giordano, however, does not assert the Dakota Lakes Drive address is the address of the corporation. He asserts the corporate address is Westwood Center Drive, where one of DMS' data centers is located. The other is in North Syracuse, New York. Giordano also submitted with his Reply, an email purportedly from one of the Plaintiffs, Derek McUmber, which appears to indicate that McUmber is working from home on the date of the email.

In short, Giordano's Reply submissions confirm that the principals, including McUmber and Giordano, often worked from home, which emphasizes the lack of a specific "place" of business. Thus, under the test of ***Mahoney v. Northwestern Bell Tel. Co.***, 258 F. Supp. 500 (D. Neb. 1966), aff'd, 377 F.2d 549 (8th Cir. 1967), and other cases applying federal jurisdiction jurisprudence, the corporation's residence is the state where it is incorporated and files its tax returns: namely, West Virginia. Moreover, purported evidence that relates to

a period of time well prior to the date the Plaintiff's Complaint was filed, is not evidence of any

jurisdictional facts.  For there to be diversity jurisdiction, the issue is whether the corporate

Plaintiff, DMS, had a principal place of business other than West Virginia on the date this case

was filed.  ***See Gavin v. Read Corp.***, 356 F.Supp. 483 (E.D.Pa. 1973).

Additionally, all of the Defendant's bad acts of which the Plaintiffs complain, either took

place in the District of Columbia, or were continued and perpetuated in the District of Columbia

due to the directions and demands communicated in and to the District of Columbia, including at

least one particularly pertinent meeting of the Corporation's directors and shareholders in the

District of Columbia in May, 2006.  Additionally, it is central to the issue of the location of the

Defendant's wrongdoing  that the source of the payments being stolen by the Defendant is the

District of Columbia office of  NTI's customer, the General Services Administration.

In determining whether a factual basis exists for the exercise of personal jurisdiction

"factual discrepancies appearing in the record must be resolved in favor of the plaintiff."  ***Crane***

***v. New York Zoological Society***, 894 F.2d 454, 456 (D.C. Cir. 1990), quoting ***Reuber v. United***

***States***, 750 F.2d 1039, 1052 (D.C.Cir. 1984).  The Plaintiffs submit that the Defendant has made

assertions which are not based upon admissible facts and has attempted to support those

assertions with self serving documents or unsigned, unauthorized contract proposals or

agreements, all of  which this Court should ignore.

## Conclusion

For the reasons set forth in the Plaintiffs' Memorandum in Opposition to the Defendant's

Motion to Dismiss and the foregoing Sur Reply the Plaintiffs submit that the Defendant's Motion

should be denied.

Dated:  November 20, 2006                    HUGHES & BENTZEN, PLLC


By:  ___/s/Philip J. McNutt_____
                Philip J. McNutt
                Federal Bar No. MD08555
                DC Bar No. 491258
                1100 Connecticut Avenue, NW
                Suite 340
                Washington, D.C.  20036
                Tel: (202) 293-8975

                Attorneys for Plaintiffs


## Certificate of Service

       I hereby certify that a copy of the foregoing Sur Reply  was served electronically on the on counsel below and by regular, first class  mail, postage prepaid, the 20t[h] day of November, 2006 to the following:

       David Bledsoe, Esquire
       300 North Washington Street
       Suite 700
       Alexandria, VA 22314

       and

       John W. Thomas, Esquire
       Luman, Lange, Thomas & McMullen
       1660 L Street, NW
       Washington, DC 20036

and

Anthony Watson
303-F Holden Green
Cambridge, MA 02138

     /s/Philip J. McNutt
Philip J. McNutt