UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DATA MOUNTAIN SOLUTIONS, INC., <u>et al.</u>, | ) ) ) |  |
| Plaintiffs | ) ) |  |
| v. | ) ) | CA 06-1666 (PLF) |
| GREGG GIORDANO, <u>et al.</u>, | ) ) |  |
| Defendants | ) ) |  |

**DEFENDANT GREGG GIORDANO'S
<u>AMENDED MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant Gregg Giordano, by and through undersigned counsel, pursuant to F.R.Civ.P. 41(b) files this Memorandum in Support of his Motion to Dismiss. Plaintiff has failed to file arbitration as ordered by this Court, and thus this matter should be dismissed with prejudice for failure to prosecute.

Plaintiffs' conduct in this case has been truly remarkable. This matter began with a Motion by the Plaintiffs for a Temporary Restraining Order that sought an order *granting relief that Defendant Giordano had already agreed to provide.* On July 28, 2006, plaintiffs' counsel wrote a letter to Mr. Giordano and Mr. Thomas, in which many of the allegations of the Complaint were hinted at. Exhibit 6 to Plaintiff's Memo. Mr. Giordano hired undersigned counsel, who began a series of telephone calls to plaintiffs' counsel. Plaintiffs counsel declined to respond to these calls. Thereafter, on August 15, 2008, undersigned counsel wrote a letter to plaintiff's counsel, requesting that he respond

to the telephone calls and offering voluntarily to eliminate any dispute over the transactions complained of by specifically 1) rescinding the sale of stock between Giordano and Watson and 2) escrowing the $40,000 bonus that plaintiffs dispute. Plaintiffs Counsel refused to respond to this letter as well.

On August 22, 2006, undersigned counsel wrote a second letter to Mr. McNutt, asking that he respond to the August 15 letter. Mr. McNutt also refused to respond to this letter. Rather than responding in any way to these overtures, Hill and McUmber chose to file this litigation into court almost two months later, seeking the extraordinary remedy of a temporary restraining order and preliminary injunction.

On September 29, 2006, this Court denied Plaintiffs' hearing for a Temporary Restraining Order, specifically finding that the plaintiffs would suffer no irreparable injury whatsoever.[1] Defendant Giordano then filed a Motion To Dismiss Or Stay, as Plaintiffs' Complaint was clearly and unmistakably subject to the mandatory arbitration provision in the Shareholder's Agreement. On November 21, 2006, this Court granted the Motion to Dismiss or Stay, requiring that the Plaintiffs seek resolution of their claims by arbitration.

To date, and despite repeated requests by Defendant Giordano, Plaintiffs have failed to commence any such arbitration in direct violation of this Court's November 21, 2006 Order. Undersigned counsel wrote to Plaintiffs' counsel on November 28, 2006, asking when plaintiffs intended to file the arbitration. Plaintiffs' counsel did not respond to that letter. Undersigned counsel wrote to Plaintiff's counsel again on January 9, 2007, asking when plaintiffs intended to file the arbitration. Plaintiffs' counsel did not respond

---

[1] In support of their Motion for Temporary Restraining Order and Motion for Preliminary Injunction, both plaintiffs submitted false declarations, under penalty of perjury, that the bank account for DMS was near zero balance. In fact, the bank account contained over $120,000.

to that letter either.  Finally, undersigned counsel wrote Plaintiffs' counsel on February 7, 2007, and informed him that if he did not file the arbitration by February 9, 2007, defendant would move to dismiss for failure to prosecute.

Courts have inherent power to dismiss cases for lack of prosecution to prevent undue delays in their dockets.  Link v. Wabash R.R., 370 U.S. 626, 629-30. (1962).  A failure to file arbitration, after having been ordered to do so, is a failure to prosecute and constitutes grounds for dismissal under Rule 41.  Ames v. Standard Oil Co. , 108 F.R.D. 299, 302 (D.D.C. 1985); see also James v. McDonald Corp., 417 F.3d 672 (7th Cir. 2005); Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991); Shields v. Shearson Loeb Rhoades, Inc., No. 92-1425, 1993 WL 3068 (7th Cir. Jan. 7, 1993).

The Federal Rules of Civil Procedure specifically provide for the Order of Dismissal sought herein by Defendant Giordano.  F.R.Civ.P. 41(b) states, in pertinent part, that :"For failure of the plaintiff to prosecute or to comply with . . . . any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant."  In the matter at hand, Plaintiffs simply refuse to comply with the November 21, 2006 Order to commence arbitration.

Further, the Federal Rules of Civil Procedure specifically provide, under F.R.Civ.P. 41(b), that the Order of Dismissal sought herein by Defendant is an adjudication on the merits of the case.  The Supreme Court has explained, that an " 'adjudication on the merits' is the opposite of a 'dismissal without prejudice,' " Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001).  Any order of involuntary dismissal that does not fall within one of the Rule 41(b) exceptions is presumptively a dismissal *with prejudice*. Therefore, the relief of dismissal with prejudice sought by

Defendant Giordano is well-defined in both statutory law and case law, and such relief is clearly appropriate in the matter at hand.

Plaintiffs' conduct clearly merits a dismissal with prejudice. Plaintiffs came into this Court frivolously seeking emergency relief, which this Court quickly and easily denied. Plaintiffs' complaint was clearly barred by the arbitration clause of the Shareholders' Agreement. This Court readily agreed, ordering the Plaintiffs to bring their claims in arbitration. Since that time, Plaintiffs have done absolutely nothing at all, despite repeated demands by Defendant, to comply with this Court's order and file their arbitration. Plaintiffs' absolute indifference to filing arbitration shows how truly frivolous their initial requests for injunctive relief are: Plaintiffs have no desire whatsoever to have their claims actually heard.

It has been over three months since this Court ordered these claims to be brought in arbitration. Plaintiffs have failed to comply with that Order, and the Motion to Dismiss should be granted.

For the reasons stated herein, Defendant Gregg Giordano asks that the Court Dismiss with prejudice the action in controversy, and such other relief as to the Court seems proper.

Respectfully submitted,

By: /s/ David I. Bledsoe
    DAVID I. BLEDSOE
    Attorney for Defendant Gregg Giordano
    Bar Number 422596
    bledsoelaw@earthlink.net
    300 North Washington Street
    Suite 700
    Alexandria VA 22314
    Tel.: 703-379-9424
    Fax: 703-684-1851

## CERTIFICATE OF SERVICE

      I certify that on March 1, 2007, a copy of the foregoing **MOTION TO DISMISS CASE WITH PREJUDICE** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing to:

> Philip J. McNutt, Esquire
> Hughes and Bentzen, PLLC
> 1100 Connecticut Avenue
> Suite 340
> Washington, DC  20036
>
> John W. Thomas, Esquire
> Luman, Lange, Thomas & McMullen
> 1660 L Street NW
> Suite 3506
> Washington, DC  20036

      I further certify that on March 1, 2007, notice of this filing was made to the following party by depositing a copy of the foregoing in the United States Mail, first class postage paid, addressed to:

> Anthony Watson
> 303-F Holden Green
> Cambridge, MA  02138

      _____/s/David I. Bledsoe_____
      David I. Bledsoe