IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DATA MOUNTAIN SOLUTIONS, INC., *et al*. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 06-1666-PLF |
| | ) |
| GREGG GIORDANO, *et al*. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## JOINT STATUS REPORT

In accordance with this Court's Order of November 21, 2006, the parties jointly submit the following status report:

The Court's Order of November 21, 2006 stayed all proceedings and further ordered that "the parties are to submit their claims to arbitration pursuant to Paragraph 10(a) of the Shareholders Agreement." Paragraph 10(a) provides that "Any controversy or claim" related to the Shareholders Agreement "may, at the option of any party thereto" be submitted to arbitration under the Rules of the American Arbitration Association.

The Plaintiffs and the Defendant, Giordano, dispute which party is required to submit the parties' disputes to arbitration. The Plaintiffs contend that since there is no mandatory arbitration except upon demand by a party, Giordano is required to submit any disputes he has regarding the Plaintiffs assertions (in the Complaint) to arbitration. The Defendant, Giordano, argues that the Court plainly ordered Plaintiffs to submit their causes of action to arbitration.

1

The Plaintiffs have prepared a demand for arbitration and a Statement of Claim in accordance with the Rules of the American Arbitration Association and are prepared to commence Arbitration. However, the Plaintiffs believe that their claims will be compromised if they are deemed to have demanded the arbitration, especially since the Plaintiffs contend that not all claims asserted in the Complaint "arise out of or (are) relating to this [the Shareholders] Agreement." The Plaintiffs chose to assert their claims in the instant litigation, which Plaintiffs contend is permissible under Paragraphs 10(a) and (b) of the Shareholders Agreement until or unless a party demands arbitration.

The Plaintiffs requested that the Defendant, Giordano, and the Plaintiffs file the arbitration jointly and share the arbitration costs. The Defendant, through his counsel, declined to participate in a joint filing or to share costs. In light of the above dispute and other actions recently taken by the Defendant, Giordano, the Plaintiffs intend to file a Motion seeking relief consistent with this Court's Order of November 21, 2006, related to the court mandated arbitration and maintaining the status quo pending completion of arbitration or other action by this Court. The Plaintiffs intend to file their Motion by Monday, March 5, 2007.

Defendant Giordano contends that the Order of November 21, 2006 is not in dispute, and that the Court ordered all claims by the Plaintiffs to be brought in arbitration. Defendant further contends that he does not "share" joint claims with the Plaintiffs, and that Defendant is not required to fund Plaintiff's filing fees. The Defendant, through his counsel, has requested repeatedly that plaintiffs file the arbitration as ordered by the Court, and plaintiffs have declined to file such arbitration. Defendant has therefore on March 1, 2007 filed a Motion to Dismiss under Rule 41(b) for failure to prosecute.

RESPECTFULLY SUBMITTED


__/s/ Philip J. McNutt_____
Philip J. McNutt
1100 Connecticut Avenue, NW
Suite 340
Washington, DC 20036
202-293-8975




__/s/ John W. Thomas_____
John W. Thomas
1660 L Street, NW
Suite 506
Washington, DC 20036


__/s/ David I Bledsoe_____
David I. Bledsoe, Esquire
300 North Washington Street
Suite 708
Alexandria, VA 22314