**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DATA MOUNTAIN SOLUTIONS, INC., <u>et al.</u>,  )<br>  )<br>Plaintiffs  )<br>  )<br>v.  )<br>  )<br>GREGG GIORDANO, <u>et al.</u>,  )<br>  )<br>Defendants  )<br>  ) | CA 06-1666 (PLF) |

**DEFENDANT GREGG GIORDANO'S**
**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Gregg Giordano, by and through undersigned counsel, pursuant to F.R.Civ.P. 41(b) files this Reply Memorandum in Support of his Motion to Dismiss. Plaintiff has failed to file arbitration as ordered by this Court, and thus this matter should be dismissed with prejudice for failure to prosecute.

This case is an attempt by minority shareholders, the Plaintiffs, to steal control of a corporation. Plaintiffs seek to "freeze" the corporation in its current status, because the corporation stock books incorrectly fail to record Hill's sale of most of his stock to the Corporation. Thus, Plaintiffs fear and seek to prevent any shareholders' meeting, at which they will be outvoted, or any correction of the stock book, which will properly reduce their collective stock holdings from a purported 48% to the correct 36%.

Plaintiffs' bad faith in this litigation is beyond dispute. This matter began with a Motion by the Plaintiffs for a Temporary Restraining Order that sought an order *granting emergency relief that Defendant Giordano had agreed to provide weeks earlier.* Rather

than responding in any way to Giordano's offer to voluntarily provide the relief sought, Hill and McUmber chose to file this litigation into court almost two months later, seeking the extraordinary remedy of a temporary restraining order and preliminary injunction.

On September 29, 2006, this Court denied Plaintiffs' hearing for a Temporary Restraining Order, specifically finding that the plaintiffs would suffer no irreparable injury whatsoever.[1] At that hearing, Plaintiffs moved the Court for expedited discovery, which motion the Court denied. Plaintiffs simply flatly ignored this Court's express ruling, and served discovery anyway, brazenly flouting not only the Federal Rules but Judge Bates' ruling as well. Undersigned counsel requested by letter and telephone that the plaintiffs withdraw these abusive and defective attempts at discovery, which the Court had already forbidden. Counsel for plaintiffs refused.

Defendant Giordano then filed a Motion to Dismiss or Stay, as the Court did not have subject matter jurisdiction over this matter, nor was defendant Giordano subject to personal jurisdiction in the District of Columbia. Moreover, Plaintiffs' Complaint was clearly and unmistakably subject to the mandatory arbitration provision in the Shareholder's Agreement, which defendant had invoked. On November 21, 2006, this Court granted the Motion to Dismiss or Stay, requiring that the Plaintiffs seek resolution of their claims by arbitration.

To date, and despite repeated requests by Defendant Giordano, Plaintiffs have failed to commence any such arbitration in direct violation of this Court's November 21, 2006 Order. Undersigned counsel wrote to Plaintiffs' counsel on November 28, 2006, asking when plaintiffs intended to file the arbitration. Plaintiffs' counsel did not respond

---

[1] In support of their Motion for Temporary Restraining Order and Motion for Preliminary Injunction, both plaintiffs submitted false declarations, under penalty of perjury, that the bank account for DMS was near zero balance. In fact, the bank account contained over $120,000.

to that letter. Undersigned counsel wrote to Plaintiff's counsel again on January 9, 2007, asking when plaintiffs intended to file the arbitration. Plaintiffs' counsel did not respond to that letter either. Finally, undersigned counsel wrote Plaintiffs' counsel on February 7, 2007, and informed him that if he did not file the arbitration by February 9, 2007, defendant would move to dismiss for failure to prosecute. [2]

Courts have inherent power to dismiss cases for lack of prosecution to prevent undue delays in their dockets. Link v. Wabash R.R., 370 U.S. 626, 629-30. (1962). A failure to file arbitration, after having been ordered to do so, is a failure to prosecute and constitutes grounds for dismissal under Rule 41. Ames v. Standard Oil Co. , 108 F.R.D. 299, 302 (D.D.C. 1985); see also James v. McDonald Corp., 417 F.3d 672 (7th Cir. 2005); Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991); Shields v. Shearson Loeb Rhoades, Inc., No. 92-1425, 1993 WL 3068 (7th Cir. Jan. 7, 1993).

In the matter at hand, Plaintiffs simply refuse to comply with the November 21, 2006 Order to commence arbitration, as they have failed to comply with the Court's previous rulings. Plaintiffs' conduct clearly merits a dismissal with prejudice. Plaintiffs came into this Court frivolously seeking emergency relief, which this Court quickly and easily denied. Plaintiffs' complaint was clearly barred by the arbitration clause of the Shareholders' Agreement. This Court agreed, ordering the Plaintiffs to bring their claims in arbitration. Since that time, Plaintiffs have done absolutely nothing at all, despite repeated demands by Defendant, to comply with this Court's order and file their

---

[2] Plaintiffs' recently discovered position, that the parties must jointly file arbitration, is absurd. The parties do not share a joint claim. For example, the American Arbitration Association Demand for Arbitration form requires the party filing to state a dollar amount of his claim. Plaintiffs must state the dollar amount that they seek in arbitration, and the filing fees rise in correlation to the amount of the claim. Defendant does not "share" Plaintiffs' claims, which are against Defendant. Defendant is under no obligation to fund Plaintiffs' frivolous claims of nearly $3 million in damages involving this tiny company.

arbitration. Plaintiffs' absolute indifference to filing arbitration as ordered by the Court shows how truly frivolous their initial request, and their renewed request, for injunctive relief are: Plaintiffs have no desire whatsoever to have their claims actually resolved in arbitration, which they will lose, but merely hope that the Court will reconsider its previous rulings and allow these minority shareholders – who own less than 37% of the stock of DMS – to remain in control of the corporation in perpetuity. [3]

It has been over four months since this Court ordered these claims to be brought in arbitration. Plaintiffs have failed to comply with that Order, and the Motion to Dismiss should be granted. Defendant Giordano incorporates and renews his Motion to Dismiss for lack of subject matter jurisdiction and personal jurisdiction, which this Court denied without prejudice. Those issues have been fully briefed by the parties, and both provide alternative grounds to dismiss this matter.

For the reasons stated herein, Defendant Gregg Giordano asks that the Court Dismiss with prejudice the action in controversy, and such other relief as to the Court seems proper.

Respectfully submitted,

By: /s/ David I. Bledsoe
    DAVID I. BLEDSOE
    Attorney for Defendant Gregg Giordano
    Bar Number 422596
    bledsoelaw@earthlink.net
    300 North Washington Street
    Suite 700

---

[3] Defendant Giordano disputes virtually all the factual allegations that Plaintiffs make in their Opposition and in their Motion to Show Cause, but submits that none of those allegations are germane to the issues before the Court. In any event, Plaintiffs' lack of credibility in these matters has been well established by their numerous previous false declarations, many under oath.

                Alexandria VA 22314
                Tel.: 703-379-9424
                Fax: 703-684-1851

## CERTIFICATE OF SERVICE

I certify that on March 22, 2007, a copy of the foregoing **MOTION TO DISMISS CASE WITH PREJUDICE** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing to:

>Philip J. McNutt, Esquire
>Hughes and Bentzen, PLLC
>1100 Connecticut Avenue
>Suite 340
>Washington, DC  20036

>John W. Thomas, Esquire
>Luman, Lange, Thomas & McMullen
>1660 L Street NW
>Suite 3506
>Washington, DC  20036

I further certify that on March 1, 2007, notice of this filing was made to the following party by depositing a copy of the foregoing in the United States Mail, first class postage paid, addressed to:

>Anthony Watson
>303-F Holden Green
>Cambridge, MA  02138

_____/s/David I. Bledsoe_____
David I. Bledsoe